Chief Justice Marshall
delivered the opinion of the Court.
Short and one Withers having executed a note to Bryant for about $120, a suit was afterwards brought against them on the note, and Withers having pleaded infancy, a verdict and judgment were rendered for him on that plea; and a judgment for the debt &c. was rendered against Short alone. After the lapse of more than seven years from the date of this judgment, without execution thereon, Bryant sued out a scire facias to have execution against Short, to which the latter pleaded that he-was surety on the note, and relied on the lapse of seven years without execution on the judgment as constituting a bar to its enforcement, by virtue of the act of 1838, limiting actions against sureties, (3 Stat Law, 558.) The replication to this plea sets forth the plea of infancy by Withers, the verdict and judgment in his discharge, and the judgment against Short alone, and concludes, “ without this, that the defendant is surety merely,” &c. A demurrer to this replication was sustained, and a judgment in bar rendered against the plaintiff, who brings the case to this Court for revision.
The only question presented is, whether, under the circumstances stated in the replication, the defendant is to be regarded as a surety within the purview of the first section of the act referred to, which discharges sureties from liability on judgments when seven years shall have elapsed without execution on the judgment. It is, indeed, contended that the traverse at the end of *11 the replication denies the suretyship in the original note, as alleged in the plea, and that on this ground, if there were no other, the replication should be deemed a sufficient answer to the plea. We think, however, the tra verse referred to should rather be considered as relating to the previous matter of the replication, and as denying, not that the defendant was surety originally, but that he is surety after the discharge of the alleged principal on the plea of infancy. And, therefore, as we have said, the only question is, whether he is to be so regarded in view of the statute.
This question is certainly not free from doubt or difficulty. But as the judgment in favor of the infant and against Short, is a conclusive discharge of the former, and made the latter the sole, debtor, cutting off all relation between him and the other party, and all remedy, either at law or in equity, against the alleged principal, either in behalf of the creditor or of Short himself, we are of opinion that whatever may have been his real or apparent attitude in the original note, he could no longer be regarded as a surety, when there ceased to be a principal, bound as such, either in law or equity. The debt became, by the judgment, absolutely his sole debt; not merely because the judgment against him alone might operate to merge the .original contract, and, in effect, to terminate the legal liability of the other party ; for if that were all,'it might still leave him bound in equity to the creditor, and liable both at law and in equity to his co-obligo2-, but because it determined, absolutely and conclusively, all of these liabilities, and puts an end to all rights and interests pertaining to the character of surety.
Short’s liability on the judgment was not as surety in the judgment, nor in the original note, but as the only person ever bound by the note; he, therefore, does not come within the fair interpretation of the terms of the statute, and as he had no rights against the original co-party which might be affected by the conduct of the creditor in the enforcement ot the judgment, he does not come within the reason, or principle on which the *12 statute makes the delay of execution a discharge of the surety: Davis vs Womach, &c., (8 B. Monroe.)
Burton and J. Smith for plaintiff; Fox for defendant.
The delay which lias occurred, has operated solely for the benefit of Short, and cannot have injured him in regard to any rights or remedy which he had, or can be presumed to have had, against Withers, growing out of their original relation, because there was no such right or remedy either in law or equitjn
Wherefore, the replication is deemed sufficient, and the judgment on the demurrer is reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings.