Gaines' administratrix vs. Poor.

3me503
114  865

3me 503
134   452

CASE 10—PETITION ORDINARY—DECEMBER 21.

## Gaines' administratrix vs. Poor.

APPEAL FROM GREEN CIRCUIT COURT.

One who enters into a contract with the husband to indemnify him against the claim of the wife for support, alimony and dower, in consideration of a conveyance by the husband to him of certain property for the use of the wife, (they having separated, or being about to separate,) cannot avoid the contract on account of any duress practiced by the husband upon the wife.

In such case, the lapse of seven years after recovery of dower by the wife will not bar an action against the obligor in such contract. He is not her *surety* within the meaning of the act of 1838, even if she had signed the contract as principal and he as surety.

Such contract did not bar the right of the wife to sue the husband and his representatives for alimony and dower.

The covenant, *supra*, to save the husband, his heirs, &c., free from any claim of dower on the part of the wife, ran with the land, and passed *pro tanto* to the respective devisees of the land from the husband.

Where the breach of a covenant to indemnify against dower in real estate takes place during the lifetime of a devisee of the covenantee, the right of action passes to the personal representative of such devisee.

A contract by a husband, made in contemplation of the continuance of a previous separation from his wife, or in contemplation of an immediate and continued separation where disagreements have taken place between them, to support her or convey property to a trustee for her benefit, is valid; and such conveyance forms a sufficient consideration for a covenant on the part of the trustee to indemnify the husband against any further claim by the wife for maintenance, alimony or dower. It is immaterial whether the separation has already taken place, or is to take place immediately after the deed, when it does take place immediately.

No particular form of words is necessary to create a separate use; any words showing an intention to do so will suffice. Where property is conveyed by a husband in

trust for his wife, in view of a separation between them, it is clear that a separate use is intended; and the trustee holds the property for her separate use.

In a suit upon a contract of indemnity, the covenantee may recover the legal costs which had been recovered against him; but not his attorney's fees, where he had notified the covenantor of the pendency of the former action, and the covenantee had defended it, but not at the request of the covenantor.

JAMES T. GOALDER, for appellant, cited *Civil Code, sec.* 144; *Ib., sec.* 125, *sub-div.* 3; 2 *Story's Eq., sec.* 1427, *and authorities referred to in note* 1; *Ib., sec.* 1428; 1 *Parsons on Contracts, pages* 298, 299, 300, *and notes d, e, f;* 3 *Marsh.,* 302; 4 *Mon.,* 371; 7 *J. J. Mar.,* 12; *Civil Code, sections* 4, 7, 9, *sub-div.* 2.

JAS. HARLAN, and JAS. HARLAN, JR., on same side.

SUDDARTH & ALEXANDER, for appellee, cited 2 *Bibb,* 170; 3 *Mon.,* 95; 5 *Mon.,* 582; 6 *Mon.,* 41; 7 *J. J. Mar.,* 164; 2 *Dana,* 465; 1 *Met.,* 239; 2 *Marsh.,* 83; 2 *Bright's Husband and Wife,* 210; *Ib.,* 321; *Clancy's Husband and Wife,* 1 *and* 9; 7 *B. Mon.,* 392; *McClure vs. McKee,* 14 *B. Mon.;* 3 *J. J. Mar.,* 353; 7 *Ib.,* 80, 114; 5 *Dana,* 170; 1 *J. J. Mar.,* 86, 327; 4 *Mon.,* 238, 158.

SIMPSON & SCOTT, on same side, cited 7 *Price,* 577; 9 *Barn. & Cress.,* 200, 212; 3 *J. J. Mar.,* 353; 7 *J. J. Mar.,* 80, 114; 11 *Vesey,* 530.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

In 1837, serious disagreements having arisen between Thos. Gaines and his wife, a contract was made between said Gaines, of the one part, and the appellee, Poor, and Jacob Spears, as his surety, of the other, in which it was recited that said Gaines and his wife "have separated, and both desiring to be free from any duty or obligation or charge to each other have come to the following agreement, to-wit: that hereafter they will live separate and apart from each other, and that as to their estate the following agreement is made: that said Thomas Gaines will convey to Edward Poor, in trust for his said wife, all her wearing apparel" and other property described, and that "the said Catharine agrees to make no claim on said Thomas or his estate for maintenance, alimony or dower in case she shall survive him;" and by which said Thomas conveyed said wearing apparel and other property to said Poor, "in trust for the use and benefit" of his said wife; and said Poor, and said Spears

as his surety, in consideration of said conveyance, bound themselves to said Gaines to save him, his heirs and representatives free from any claim of Mrs. Gaines for a support during his life and for alimony and free from any claim for dower in his estate real, personal or mixed.

Gaines and his wife continued to live apart after the making of said contract, and in 1842 she brought a suit against him for alimony, pending which he died. In 1844 she revived the suit against his representatives, and by amended bill claimed dower, and obtained a decree for $184 07, being one-third of the personal assets of her husbands estate, and recovered dower in two tracts of land, one of which said Thomas Gaines had devised to his son, R. H. Gaines, and the other to his sons Thomas and Francis.

Said R. H. Gaines qualified as executor of said Thomas, and afterward died; and the appellant Elizabeth A. Gaines, having qualified as his administratrix, with the will annexed, and also as administratrix *de bonis non*, with the will annexed, of said Thomas, sued said Poor upon his aforesaid contract to recover the value of the dower and personal estate recovered by Mrs. Thomas Gaines, and the costs of Mrs. Thomas Gaines' suit, and the attorney's fees paid in defending same. There were a verdict and judgment for Poor, from which judgment this appeal was taken.

1. Mrs. Thomas Gaines was not a party to the contract between Thomas Gaines and Poor and Spears. She did not sign it, and it is evident from the contract itself that the parties did not contemplate that she would sign it, although it recites certain agreements between her and her husband. It is the contract of Thomas Gaines with Poor as principal and Spears as surety.

It necessarily follows:

*First.* That Poor cannot avoid the contract on account of any duress practiced by Thomas Gaines upon his wife.

*Second.* That the lapse of seven years between the recovery of dower by Mrs. Gaines, and the bringing of this suit, cannot bar the appellant's right of recovery against Poor. Even if Mrs. Gaines had signed the contract as principal and Poor as

surety, as she was a married woman, and the contract would have been void as to her, Poor would not have been her surety within the meaning of the 3d section of the act of 1838, (3 *S. Law*, 559 ; *Short vs. Bryant*, 10 *B. Mon.*, 10.) In *McClure vs. McKee*, (14 *B. Mon.*, 263,) cited by appellee's counsel, McKee was held to be surety for McGavoch, within the meaning of said act, because, though McKee alone had signed the bond for costs, McGavoch, the party to the suit, for whose benefit the bond was given, was legally liable therefor. But in the case before us Mrs. Gaines, the alleged principal, was not liable nor capable of binding herself even if she had signed the contract.

*Third*. That the appellant is not barred by any thing contained in the record of the suit between Thomas Gaines and his wife. The fact that Thomas Gaines, in that suit, pleaded and relied upon said contract between him and Poor and Spears as the contract of Mrs. Gaines, did not make it her contract ; and the court in that case held, as we do now, that it was not her contract and did not bar her right of suit against Gaines and his representatives for alimony and dower.

2. The covenant to save Thomas Gaines, his heirs, &c., free from any claim of dower on the part of Mrs. Gaines, ran with the land, (*Smith's Leading Cases*, 5th Am. Ed., vol. 1, pages 123, 124,) and passed *pro tanto* to the respective devisees of the land. (*Dougherty vs. Duvall's heirs*, 9 *B. Mon.*, 57.)

R. H. Gaines, to whom one of the tracts was devised, had the right of action so far as dower was assigned out of that tract ; and, the breach having taken place during his lifetime, the right of action to that extent passed to the appellant as his administratrix. The appellant, as administratrix of Thomas Gaines, also had the right of action upon the covenant so far as it stipulated that Mrs. Gaines should not claim her share of her husband's personal estate. Hence the court below did not err in holding that the petition stated a cause of action.

3. It is contended that the contract between Gaines and Poor was against public policy and therefore void. Unquestionably a contract by a husband, made before marriage, or afterward when living in amity with his wife, to pay an allowance

for her support if at any future time she should separate from him, is against public policy, because it renders the wife independent, and tends to cause disagreements and to produce the separation for which it provides. In several cases such contracts have been held void. But no case has been cited in which it has been decided that such contracts are void if made in contemplation of the continuance of a previous separation, or in contemplation of an immediate separation where disagreements have taken place between the husband and wife. On the contrary, it has been decided in numerous cases, that the husband's contract to support the wife, made under such circumstances, is valid. (*Clancy's Husband and Wife, chap.* —; 2 *Story's Eq. Jur*, sec. 1427, 1428.) The cases show that it is immaterial whether the separation has already taken place or is to take place immediately after the deed. In either case the husband is bound by his covenant for maintenance. Conceding that a separation had not taken place between Gaines and his wife, it is clear that an immediate and continued separation was contemplated when the contract was executed and that it did take place immediately.

According to the answer of the appellee, Mrs. Gaines had for a length of time been treated by her husband "with such barbarity and cruelty as utterly to destroy her peace and happiness." If so, a court of equity would have decreed her alimony and divorce *a mensa et thoro*. If, in such a case, the wife and her friends choose to make an arrangement with the husband for her separation and support, instead of exposing her troubles and grief to the public gaze by resorting to a court of equity, we are not prepared to say that sound policy demands that the husband's provision for her support shall be pronounced a nullity. The doctrine supporting such contracts is too well settled to be disturbed now. Gaines' conveyance to Poor, as trustee for Mrs. Gaines, being valid, formed a sufficient consideration for Poor's covenant against any further claim by her.

4. But appellee's counsel contend that the conveyance to Poor being merely "in trust for Mrs. Gaines," did not give her a separate interest in the property, but left it as much under

Gaines' control as it was before, and hence that there was no consideration for Poor's covenant.

No particular form of words is necessary to create a separate use. Any words showing an intention to do so will suffice. It is well settled that a deed or devise by a stranger in trust for a married woman, with nothing to indicate that it is for her separate use, will not give her a separate interest. But if the deed or will directs the trustee to collect the rents and profits and pay them to her, or uses any other language showing that a separate use is intended, the law will carry that intention into effect. In the case before us, though the contract does not employ any of the usual technical words to create a separate use, yet as it shows that a separation was intended between Gaines and his wife, and that the property was conveyed to Poor, in trust for her, in view of such separation, it is clear that a separate use was intended. The property, therefore, was held by Poor for the separate use of Mrs. Gaines.

5. As we have already shown, R. H. Gaines had the right of action so far as the covenant related to the personal estate of Thomas Gaines, and so far as it related to the tract of land devised to himself, and to that extent he had the power to release the right to damages, and if he did so, the appellant had no cause of action.

6. As to the costs and expenses of defending the suit brought by Mrs. Gaines, the appellant has a right to recover the legal costs, unless R. H. Gaines relinquished the right of action, but no right to recover attorney's fees. Thomas and R. H. Gaines having notified Poor of the suit, it was Poor's duty to defend. He would have been liable on his covenant if a greater amount had been recovered by Mrs. Gaines. The defense was a voluntary thing on the part of Thomas and R. H. Gaines, not at the request of Poor, and they must pay their attorney's fees.

7. We have already shown that it is immaterial whether Thomas Gaines and his wife had separated before the execution of the contract or not. Mrs. Gaines' testimony tending to prove that they had not then separated, and her statements as to the conduct of her husband toward her, his

threats and violence, in order to procure the execution of the contract, were irrelevant, and may have prejudiced the minds of the jury against the cause of the appellant, and should not have been permitted to go before the jury.

Having stated the principles applicable to the case, it is unnecessary to notice in detail the action of the court below upon the pleadings and instructions.

The judgment is *reversed*, and the cause remanded for a new trial, and other proceedings consistent with this opinion.