## W. W. ANDERSON ET UX *v.* BEN EMISON ET AL.

Frauds, Statute of—Parol Contracts for Sale of Land—Terms of Sale Must Appear.

Before a court of equity will enforce a parol contract for the sale of land the terms must clearly appear as to price and time of payment.

APPEAL FROM SCOTT CIRCUIT COURT.

February 11, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Mrs. Anderson and Mrs. Emison together with their sister Julia Ann Berry held a tract of land jointly and this petition was filed by Emison and wife to have partition and compensation for improvements. Anderson and wife answered, setting up first that they had sold by parol to Emison their undivided interest in said land at a specified sum to be paid at named periods and filed three of his letters evidencing said sale, and secondly that he had used the place for several years and the rents thereof was worth $500, which they plead as a counter-claim to his claim for improvements.

A demurrer was sustained to the first paragraph of the answer, to which exception was taken; whether it was subsequently amended does not appear, but Emison filed reply controverting the sale and allegations in the first paragraph as well as the value of the rents set up in the second, and the bill of exceptions containing the evidence shows that the issue as to the sale was heard and adjudged by the court, and a partition ordered after hearing the evidence. It is apparent that nothwithstanding said demurrer the parties and court subsequently regard the issue as found thereon and adjudicated accordingly.

Inasmuch as Emison had possession and enjoyed the place for about about two years, whatever might have been right and equitable had the terms of the parol sale clearly appeared, yet even under the most imposing equitable circumstances courts have always held that the terms of parol sales should clearly appear, and when the price or terms of payment have been left dubious, they have refused to enforce such contracts. In this case Emison's letters do evidence a sale, but at what price or when to be paid appears neither therein nor in the other evidence; therefore, it does not come within the principles announced in *Harrow vs. Johnson, 3 Met., 503, and Hill's Admr. vs. Spalding, Exr., 1 Duvall, 219*, because here none of the purchase price has been paid, nor does the terms of the sale appear; that the land was to be paid for in three installments may be inferred from the letters, but when to be paid or for how much does not appear in the case.

Such a parol contract cannot be enforced, and the court properly adjudged a partition.

The question of improvements and rents and profits have not yet been adjudicated, but is still pending.

Wherefore, the judgment is *affirmed*.

*Darnaby, for appellants.*

*James E. Cantrill, for appellees.*