Isom Dodd, et al., *v.* John Rynearson's Adm'r.

**Contract of Married Woman Void as to Her, Binding on Other Signers.**
  While a contract of a married woman, such as under the statute does not bind her or her estate, is void as to her, it is valid upon persons who sign it, not under disability.

APPEAL FROM MERCER CIRCUIT COURT.

April 11, 1876.

OPINION BY JUDGE PETERS:

Mrs. Sarah Dodd was a married woman when she signed the note, and the contract is not such as under the statute a married woman can bind herself or estate for, consequently, as to her the contract was void; but although it was void as to her it was valid and binding on Isom Dodd, Floyd Burks and George Bradshaw, who labored under no disability. And they were not the sureties of Mrs. Sarah Dodd within the meaning of the statute, because she was not capable of binding herself, and the debt was the debt of the other persons who signed the note, not as sureties but as principals, there being no one bound for whom they could become surety. *Gaines's Adm'x v. Poor*, 3 Met. 503; *Short v. Bryant*, 10 B. Mon. 10.

Judgment *affirmed*.

*Kyle & Poston, for appellants.   T. J. Polk, for appellee.*