DAVID B. SPOONER & another *vs.* DANIEL ROWLAND & another & trustees.

An insurance company is not chargeable as trustee for the amount of a loss under a policy, after payment thereof made in good faith by its authorized agent, without knowledge of any actual or intended service of process upon the company, although such payment was made after the service of the writ upon the secretary of the company, if there was no neglect of duty in giving notice of the service to the agent. And such neglect of duty is not shown by the omission of the secretary for three hours after service to send notice thereof from Boston to Worcester, if the agent has temporarily gone to the latter place for the purpose of investigating, and with authority to adjust, the loss.

An order upon the secretary of an insurance company, payable at sight, drawn by its duly authorized agent, and given and received in full satisfaction for a loss under a policy, will operate as a payment thereof, before its presentation to the secretary.

TRUSTEE PROCESS. The Conway Fire Insurance Company, a corporation established in Boston, was summoned as one of the trustees, and it appeared that on the same day, and two or three hours after the time, of the service of the writ upon the secretary of the company in Boston, their vice-president, under circumstances stated in the opinion, drew and delivered to the defendant Rowland the following order, in Worcester, a distance of about forty-five miles from Boston : " $500. Worcester, January 18th 1861. At sight, pay to the order of Dan. Rowland five hundred dollars in payment of loss on policy No. 583, and charge to account of Conway Fire Insurance Company, and oblige yours respectfully, Jas. D. Kent, Vice-Pres. To D. C. Rogers, Esq., Sec. Conway Fire Ins. Co., Boston, Mass." Upon receiving this order, Rowland surrendered the policy, and indorsed upon it the following receipt : " Boston, Jan. 18th 1861. Received of the Conway Fire Insurance Company five hundred dollars in full satisfaction for all loss and damage to property insured under this policy by fire on the morning of the 17th inst., and this policy is surrendered. Dan. Rowland. Witness: Aug. N. Currier." At the hearing in the superior court, the company was discharged, and the plaintiffs appealed to this court.

*E. D. B‹ach*, for the plaintiffs.

*C. P. Huntington*, for the trustees.

DEWEY, J. It appears from the return of the officer that service of the trustee process was made upon the Conway Fire Insurance Company by leaving a copy of the writ at the office of the company on the 18th of January 1861, and this service was made two or three hours earlier than the time of the giving of the draft and taking the receipt acknowledging payment in full for the loss. The payment was made at Worcester, and the service was made at the office in Boston. The first question now presented is, whether such payment, if made as alleged, will protect the trustees under the provisions of Gen. Sts. *c.* 142, § 28. The statute is to the effect that if, after the service of process on the trustee, but before he has knowledge thereof, he in good faith makes any payment, or becomes liable to a third person, he shall be allowed therefor in the same manner as if the payment had been made or the liability incurred before the service of the writ. The answer of the trustees states that on the same day on which service was made, and, as it appears, between two and three hours later on that day, an agent, with full authority to settle the demand of the defendant and draw a negotiable draft therefor, without any knowledge of the service of such trustee process, and in good faith, paid the demand by giving a negotiable draft therefor. It also further appears that such agent was, at the time of making said service at Boston, either at Worcester or on his way thither to adjust and settle said loss.

In reference to a corporation like the present, whose secretary might be expected to be regularly and at all times in the office, and upon whom a service could be made, it must necessarily happen that the agent of the company, charged with the duties of adjusting and settling losses, would be absent attending to such duties; and therefore it might, without any negligence, well happen that a service legally made upon the secretary would not come immediately to the knowledge of such paying agent. Of course, it would be the duty of the company to make such service known, within the shortest time reasonably practicable, to all their agents having occasion to act in reference to a

Spooner & another *v.* Rowland & another & trustees.

claim for such loss by fire. But the omission to do so for the space of three hours, where the notice was to be sent to Worcester to an agent only temporarily there, and having no known place of address, would not be such negligence as would charge the company. Upon the facts stated, we find the alleged payment was made by one clothed with authority to make it, and the same was made by him in good faith and without any knowledge of the service of the trustee process, or that any such service was contemplated.

The further inquiry is, whether the giving of this draft, and taking a receipt from the insured for all claims upon the company for the loss covered by the policy, was in fact a discharge of the original liability of the company upon that policy. That it was so understood by the parties is quite obvious. The loss was adjusted, and the assured received in satisfaction thereof an order for the payment of the same, negotiable in its form, payable at sight, drawn by Jas. D. Kent, vice-president of the company, he being, as already stated, authorized to adjust losses. The precise legal effect of this draft, executed in the form it is, in reference to the personal liability of the agent drawing the same, we have not thought it important to settle. It would be obligatory certainly upon the company, under the circumstances. It would be so, either as a draft of the Conway Fire Insurance Company, drawn by their authorized officer upon their treasurer or paying agent, and negotiable in its character, and payable on a future day, and the draft being an order to pay at sight, would be entitled by statute to three days of grace; Gen. Sts. *c.* 53, § 15; *Cribbs* v. *Adams,* 13 Gray, 597; or, perhaps more properly it should be treated as a negotiable promissory note of the Conway Fire Insurance Company, payable at sight. An instrument quite similar to this, drawn by the president of a railroad company upon its treasurer, requesting the latter to pay to A. B. or order a specified sum of money, for a debt due for work performed for the company, was held by the court of appeals in New York to have the legal effect of a negotiable promissory note of the company. *Fairchild* v. *Ogdensburgh, Clayton & Rome Railroad.* 15 N. Y. 337. An opinion to the like effect

may also be found in *Miller* v. *Thomson,* 3 Man. & Gr. 576. Such an instrument, it was said, is not a bill of exchange, because it lacks the essential element of two parties.

Taking this to be a negotiable note, it would operate as a payment of the original indebtedness. Even in those states where less effect is given to such notes as an extinguishment of original liability, they are held to be so *sub modo,* and the creditor is only entitled to recover upon the original indebtedness, upon producing and cancelling in court the notes given for the same. That cannot be done here, as this note was not retained by the original payee, but transferred to a third party. The effect is, therefore, that the indebtedness which existed at the time of the service of the trustee process upon the secretary of the company was discharged by this negotiable note or draft. Although in fact discharged after the service of the trustee process, yet, under the provisions of the statute, it discharges the trustees, because it was made in good faith, and without any knowledge of the service of the trustee process by the party paying the same.

For the reasons stated, the court are of opinion that the trustees must be discharged in the present case.

*Trustees discharged.*