JOSEPH WILLIAMS vs. MICHAEL KENNEY & another.

No agreement of counsel can dispense with the transmission to this court of copies of papers according to the provisions of the Gen. Sts. c. 114, § 14.

The city of Boston was summoned, about half an hour after noon of Saturday, the twentieth day of the month, as trustee in a process of foreign attachment against one of its workmen in a cemetery which it owned in Dorchester who on that day was discharged by the superintendent. It was the usage to pay the workmen on the first day of each month their wages to the twentieth day of the month preceding, according to a pay-roll made up and sent by the superintendent to the city treasurer and by him returned with the necessary funds. About five o'clock of the afternoon of the Monday following the day of the discharge, the superintendent, not having been notified of the service of the process (nor knowing of its commencement, although he had advised the plaintiff to institute it), out of funds in his hands belonging to the city paid to the workman his month's wages due to the time of discharge, without awaiting the receipt from the treasurer of funds with the pay-roll for that month which had been made up and sent to the treasurer as usual. *Held*, that at the time of this payment there had been no such unreasonable delay to notify the superintendent of the service of the process as to render the city chargeable as trustee notwithstanding the payment; *Held also*, that the payment acquitted the city from its debt to the defendant, notwithstanding a city ordinance that no moneys should be paid out of the treasury unless vouched for by the chairman of the board under whose authority the liability was incurred, and examined by the auditor, approved by the committee of accounts, and drawn for by the mayor, which formalities were not complied with in the case in question.

TRUSTEE PROCESS. In the superior court the principal defendant was defaulted, and on the question of charging the city of Boston summoned as trustee the facts were agreed as follows :

" At the time of the service of the writ upon the trustee, Saturday, October 20, 1866, at half an hour after noon, it had in its possession the sum of thirty-eight dollars and twenty-five cents due to the defendant for work done by him at the Mount Hope Cemetery, in Dorchester, which belongs to the said city The defendant was engaged to work there by its superintendent of said cemetery, by whom all payments of wages there are made upon the receipt of funds and order from the city. The pay-roll is made up by him to the 20th of each month, and sent to the city treasurer, who returns it with the money to pay the wages according to it, before the first of the following month, when the superintendent pays the laborers up to the 20th of the preceding month. The principal defendant was discharged on

Williams *v.* Kenney & another.

the 20th of October, and the superintendent paid him, before the usual time and before the receipt of the pay-roll, but after the pay-roll was made up and sent to the city, at about five o'clock in the afternoon of Monday, October 22, out of moneys of the city in his hands, and before he was notified of the service of said trustee process. The superintendent had previously advised the plaintiff to attach said funds, but at the time of payment had not heard of a suit or process. Before November 1, and after payment, the pay-roll was sent to the superintendent with notice of the trustee process."

Judgment being ordered for the discharge of the trustee, the plaintiff appealed.

The papers certified from the superior court comprised only the agreement of facts and an agreement of the counsel of the plaintiff and of the trustee " that no papers shall be printed or copied in said action except the agreed statement of facts upon which the questions of law therein raised are to be determined." The case coming on for argument upon the appeal, THE COURT said that by reason of this agreement of the counsel it was not presented in a manner which entitled it to hearing ; but afterwards granted the request of the counsel to withdraw their agreement and cause copies to be prepared and transmitted in accordance with the statute (Gen. Sts. *c.* 114, § 14), and allowed the hearing to proceed.

*T. P. Proctor*, for the plaintiff, cited *Woodworth* v. *Ranzehousen*, 7 Cush. 430 ; Ordinances of City of Boston, (ed. 1863,) Finance, §§ 3, 4, 5, pp. 196–198.*

*C. H. Hill*, for the city of Boston.

WELLS, J. Payment in good faith and without knowledge of the service of trustee process, on the part of the party so pay

---

* The following is an extract from § 3 of the ordinance cited by the plaintiff.

"No moneys shall be paid out of the city treasury, except in the cases hereinafter provided, unless the expenditures or the terms of the contract shall be vouched by the chairman of the committee of the board under whose authority it has been authorized and made , nor unless the same shall be examined by the auditor, approved by the .committee of accounts, and drawn for by the mayor."

ing, will discharge the trustee, although in fact service had been made in a legal and proper manner previous to the time of such payment. Gen. Sts. c. 142, § 28. This was held to be the law before the adoption of the statute (Rev. Sts. c. 109, § 5). *Williams* v. *Marston*, 3 Pick. 65. The reason of the rule applies with equal propriety and force where service is made upon one agent or officer of a corporation, and payment is afterwards made in good faith by another agent or officer without knowledge, on his part, of such service. And that the statute is to be so construed and applied is determined by the case of *Spooner* v. *Rowland*, 4 Allen, 485. The only question then is whether there has been any laches or unreasonable delay in communicating information of the process to the agent or officer making the payment.

In the present case the facts are that the service was made upon the proper officer of the city in Boston on Saturday, October 20, after noon. The principal defendant was employed at Mount Hope Cemetery, and was discharged on Saturday, October 20, and paid by the superintendent in charge of the work there, on Monday, October 22, at about five o'clock in the afternoon. Considering the extent of the relations of the city to employees in its various departments, and the other circumstances of the case, among which we include the fact that such payments were usually made about the first of each month from a pay-roll transmitted with the funds from the treasurer's office, we think there had not been, at the time of this payment, such unreasonable delay to notify the superintendent of the service of the trustee process as should deprive the city of the benefit of the payment.

It is contended that the payment by the superintendent, without the pay-roll and the proper order from the city authorities, was in his own wrong, and cannot operate as a payment by the city. For this ground reliance is placed upon an ordinance of the city regulating the disbursement of funds from its treasury The purpose of the ordinance undoubtedly is to prevent improper and unauthorized payments by the disbursing agents of the city and to secure a proper system of accountability. It cannot have

the effect to prevent a payment actually made from operating to discharge the debt, by reason of a noncompliance with the prescribed forms.

The case finds the payment to have been made from funds belonging to the city in the hands of the agent who had charge of the work upon which the principal defendant had been employed. Such a payment must operate to extinguish the debt which is the subject of the trustee process, and the trustee can be held only for what was due to the principal debtor. The court are therefore of opinion that the judgment of the superior court discharging the trustee should be affirmed.