### ALMON LYON

*vs.*

### JAMES B. RUSSELL, AND MAINE CENTRAL RAILROAD COMPANY, trustee.

Kennebec. Opinion August 19, 1881.

*Trustee process. Corporations. R. S., c. 86 § 55.*

Where a corporation is summoned as trustee, and the service of the writ is made on an officer of the corporation away from its office and place of business, and the debt due the principal defendant from the trustee is paid by another officer of the corporation, acting in his ordinary course of business and line of duty, without actual notice of the service of the trustee writ, or reasonable cause to believe that such service had been made at the time of payment, and it appears that the corporation, or its officer upon whom service was made, was guilty of no neglect in giving notice to the officer making the payment, the trustee will be discharged.

The provisions of R. S., c. 86, § 55, apply to such a case.

ON EXCEPTIONS from superior court, Kennebec county.

The opinion states the case.

*S. and L. Titcomb,* for the plaintiff.

This writ was served and notice given to the corporation as required by statute. R. S., c. 81, § 18. And it binds the company, although notice of the service is not communicated to any other officer. Wade on Law of Notice, § 1309 ; 1 Redf. Railways, 557 ; *Newburg Car Spring Co.* v. *Union Rubber Co.* 4 Black. 1 ; *Boyd* v. *C. and O. Canal Co.* 17 Md. 195 ; *Scorpion S. M. Co.* v. *Marsano,* 10 Nev. 370 ; *Alletson* v. *Chichester,* 12 Moak, 386 ; *Curtis* v. *A. G. and M. R. R. Co.* 49 Barb. 148.

The Massachusetts statutes, upon which judgments in cases of trustee process rest, differ from our statutes.

Compare Gen. Stat. of Mass. c. 142, § 28, with our R. S., c. 86, § 55. Our statute applies only to cases where the service of the writ is by leaving a copy at the last and usual place of abode of the trustee, and the trustee makes the payment to the principal defendant before actual notice of the service.

There was ample time here for the director or attorney to notify the paymaster by telegraph of the service of the trustee writ, and though they may have acted in good faith, they may still be liable for negligence. *Lincoln* v. *Buckmaster,* 32 Vt. 652 ; *Woodworth* v. *Ranzehousen,* 7 Cush. 430.

The facts in the cases, *Williams* v. *Kenney,* 98 Mass. 142 ; *Spooner* v. *Rowland,* 4 Allen, 485, differ materially from the facts of this case.

*G. C. Vose,* for the alleged trustee, cited : *Spooner* v. *Rowland,* 4 Allen, 485 ; *Williams* v. *Kenney,* 98 Mass. 142.

LIBBEY, J. By R. S., c. 86, § 55, clause seven, a trustee is not chargeable "when service was made on him by leaving a copy, and before actual notice of such service, or reasonable ground to believe that it was made, he paid the debt due to the principal defendant, or gave his negotiable security therefor."

This provision of the statute applies to a corporation summoned as trustee, when the service of the writ is made on an officer of the corporation, away from its office and place of business, and the debt due the principal defendant is paid by another officer of the corporation, whose duty it is to pay it, acting in his ordinary

course of business, if he had no actual notice of the service, or reasonable ground of belief that it was made before payment, and the corporation, or its officer on whom the service was made, was guilty of no negligence in not giving such notice. *Spooner* v. *Rowland,* 4 Allen, 485 ; *Williams* v. *Kenney,* 98 Mass. 142.

The corporation, or officer on whom the service is made, must use diligence in giving notice of the service of the writ to the officer or agent whose duty it is to make the payment ; and the question in this case is whether the trustee used due diligence in that respect. Service was made on one of the directors, at Augusta, by leaving a copy with him at five o'clock in the afternoon, January 11. The office of the corporation and the paymaster's office were in Portland. It was known that the paymaster was to leave Portland to pay off the laborers at Augusta, the next morning before business hours, so that a letter would not reach him ; and the director on whom service was made, notified their local attorney, at Augusta, of the service, at once, and as the paymaster was to arrive at Augusta the next morning he determined to see him and notify him of the service on his arrival, and for that purpose was at the depot on the arrival of the train. But the paymaster left the train before its arrival at the depot, went to the shop where the principal defendant worked, and, before the attorney had time to go to the shop, had paid the debt.

The director or attorney might well think that the surest and most practicable mode of giving notice to the paymaster was to see him on the arrival of the train the next morning, having no reason to apprehend that he would leave the train before it arrived at the depot. They were not obliged to use the telegraph in the night, if at all.

We think under the circumstances of the case, the trustee used due diligence to notify the paymaster, and that payment was made without the fault of the trustee, or the director on whom service was made. *Spooner* v. *Rowland,* and *Williams* v. *Kenney, supra.*

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.