ROSCOE M. JORDAN

*vs.*

JAMES P. JORDAN, and CHARLES GAY and others, trustees.

Androscoggin.   Opinion April 6, 1883.

</div>

<div align="center">*Trustee process.   Contingent claims.   Payment.*</div>

Where the defendant agreed with the alleged trustees to sell their goods for a certain specified commission upon the goods sold and paid for, the trustees cannot be charged for the commissions on goods sold where the price has not been paid over to the trustees.

The alleged trustees on a December afternoon directed their book-keeper to send the defendant a check for an amount due him. The check was thereupon made. At eight o'clock in the evening the writ was served upon the trustees. They notified the book-keeper the next morning and were informed by him that he had mailed the check by the mail which closed at fifteen minutes past seven that morning, having no knowledge of the trustee process. The check was duly presented and paid. *Held*, that the trustees were not chargeable for the amount thus paid.

ON REPORT.

The report consists of the award of the referee and the evidence therein referred to :

[Award.]

" The case was submitted to me, as referee, upon the disclosure of the alleged trustees and the letter of Henry Little, P. M. dated April 6, 1882, (which are hereby made part of this report), to determine the liability both of the principal defendant and of the trustees ; and I report that the trustees be charged in the sum of $80.84, less the costs legally taxable for the trustees, to be taxed by the court.

" I also report and award conditionally that the trustees be charged in the further sum of $54.82 on account of the payment of December 19 ; — and also in the additional sum of $300, for commissions on goods sold by the principal defendant before the services of the writ, on which the collections were not made by the trustees till after the dates of the services of the writ.

" This conditional award of $54.82 — and $300, is made in each instance subject to the opinion of the law court upon the legal questions involved ; — and neither of said sums is to be allowed against the trustees, unless upon the foregoing evidence the law court shall decide as matter of law that the trustees are legally chargeable therefor. By agreement of the parties these questions are reserved for the determination of the law court.

" By agreement of parties, also, judgment on this award is to be rendered for the plaintiff, without costs, in the same amount as that for which the trustees shall be charged by the decision of the law court, less such costs as the trustees shall be legally entitled to, at the date of the judgment.

" But no execution shall issue on said judgment within one week from the time when it shall be finally rendered, and if the amount thereof is paid within that week the action shall be entered ' Neither Party.' "

It appeared by the disclosure that the books at the time of the service of December 19, were kept by the book-keeper at his

house, and the writ was served on the trustee that evening at his residence.

Other material facts are stated in the opinion.

*Strout and Holmes*, for the plaintiff, contended that the trustees were chargeable for the amount of the check sent to the defendant on the twentieth of December, 1881. The check was prepared by the book-keeper in the evening, at his house, where he kept the books, and it was the duty of the trustees to have made the service of the writ known to him that evening. It was only a ten minutes' walk. *Williams* v. *Marston*, 3 Pick. 65 ; *Spooner* v. *Rowland*, 4 Allen, 485 ; *Williams* v. *Kenney*, 98 Mass. 142 ; *Lyon* v. *Russell*, 72 Maine, 519 ; *Dennie* v. *Hart*, 2 Pick. 204.

The contingency which must attach to a debt in order to discharge the trustee " is not a contingency which may often exist before a statement of an account or other business transaction, whether anything may be found due from the trustee to a principal, who has an absolute right to call upon the trustee to render the account and make the settlement, but is a contingency which may prevent the principal from having any claim whatever, or right to call the trustee to account or settle with him." *Cutter* v. *Perkins*, 47 Maine, 557 ; *Dwinel* v. *Stone*, 30 Maine, 384.

There was no more " contingency " of the kind intended by the statute, in the case at bar, than in *Cutter* v. *Perkins*, *supra*. Certain proceedings had to be had to determine the amount due, and to fix the time when the commissions would be payable. Nor is this doctrine confined to the case of a legal representative summoned as trustee of an heir, or legatee, for the same principle holds, and there was the same contingency, without that element in *Wheeler* v. *Bowen*, 20 Pick. 563. Nor was it more contingent than the payment for mats sold and to be paid for only when the vendee should have sold again, which was held in *Stone* v. *Hodges*, 14 Pick. 81. Nor than, the question whether anything would be left from stock assigned to the cashier of a bank, to pay debts. *N. E. Mar. Ins. Co.* v. *Chandler*, 16 Mass. 274. Nor than the choses in action of a wife not yet reduced to possession by the husband, but attached as his property. *Holbrook* v. *Waters*, 19 Pick. 354. The contingency is " an uncertainty

whether anything will ever come into the hands of the trustee, or whether he will ever be indebted." Here it was established that the trustee was indebted at least when the third service was made, beyond all question, and the only remaining question was for how much. *Thorndike* v. *De Wolf*, 6 Pick. 120; *Davis* v. *Davis*, 49 Maine, 282; *Williams* v. *Androscoggin R. R. Co.* 36 Maine, 201; *Wilson* v. *Wood*, 34 Maine, 123; *Libby* v. *Brainard*, 63 Maine, 65; *Faulkner* v. *Waters*, 11 Pick. 473.

*Drummond and Drummond*, for the trustees, cited: *Williams* v. *A. & K. R. R. Co.* 36 Maine, 201; *Davis* v. *Davis*, 49 Maine, 282; *Bryant* v. *Erskine*, 50 Maine, 296; *Libby* v. *Brainard*, 63 Maine, 65; *Bowker* v. *Hill*, 60 Maine, 172; *Larrabee* v. *Walker*, 71 Maine, 441; *Spooner* v. *Rowland*, 4 Allen, 485; *Williams* v. *Kenney*, 98 Mass. 142; *Lyon* v. *Russell*, 72 Maine, 519; *Williams* v. *Marston*, 3 Pick. 65.

APPLETON, C. J. The defendant was employed by the trustees in effecting sales of their goods. He was to have commissions as he should sell and as the goods should be paid for. He was entitled to pay only after the payment of his principals. If they were never paid they lost their goods and the defendant lost his commissions. The trustees in no event lost their goods and in addition commissions on the sales of goods, for which no payment was ever made. The defendants' claim for compensation accrued only upon and after their payment. Whether the goods he sold would ever be paid for was a matter of contingency. The defendants' right to commissions depended on that contingency. "The contingency referred to in the statute," observes TENNEY, C. J., in *Cutter* v. *Perkins*, 47 Maine, 569, . . . "is a contingency which may prevent the principal from having any claim whatever, or right to call the trustee to account or settle with him." Such is the contingency here.

The defendant may never have a claim enforceable against the trustee. This is not a debt due in the present and payable in the future, for there may never be a debt. The trustees cannot be charged for the sum of $300 referred to in the case.

On December 19, 1881, there was due the defendant from the trustee the sum of $54.82 for commissions on sales when payments

therefor had been made. The trustee on that day advised his clerk of such fact and directed him to make and transmit a check for that amount to the defendant. The clerk made the check that day and enclosed it in a letter, which was placed in the post office before the mail closed the next morning, which was 7.15 A. M.; the train left at 7.23 A. M.

On December 19, 1881 this writ was served on the trustee at 8 o'clock in the evening by reading the same to him. The clerk was not notified of the service of the writ until after he had deposited the check in the post office and the mail had left. The check was duly presented and paid.

The question to be determined is whether the trustee is chargeable for the amount of this check. We think he is not. The clerk did his duty. The trustee is in no fault. He had a right to suppose his clerk would do as he was directed, as in fact he did. He was not legally bound after 8 o'clock in the evening or before 7 o'clock in the morning in the month of December to go to his clerk's who lived a half mile or more from him to countermand his order and stop the transmission of his funds. He is guilty of no negligence. The trustee should be discharged for this amount. *Lyon* v *Russell, and trustee*, 72 Maine, 519; *Spooner* v. *Rowland*, 4 Allen, 485; *Williams* v. *Kenney*, 98 Mass. 142.

The trustee is chargeable only for $80.84, about which there is no dispute.

> *Trustee charged for $80.84 less his legal costs, and judgment for the plaintiff according to the terms of the report.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.