SHEILA M. ASTUCCIO, trustee,[1] *vs.* R.K. AHERN CO., INC.,
& others.[2]

No. 98-P-2299.

Essex. October 10, 2000. - January 5, 2001.

Present: PERRETTA, GILLERMAN, & PORADA, JJ.

*Trustee Process. Practice, Civil,* Trustee process, Service of process, Attachment.

A Superior Court judge should have afforded an evidentiary hearing to a plaintiff seeking to charge a trustee bank for funds it was holding when served with a trustee process attachment, which the debtor then withdrew in the week before the trustee discovered the existence of the account, · where material issues of fact remained in dispute. [662-664, 665-666]

CIVIL ACTION commenced in the Superior Court Department on September 27, 1991.

A motion for an evidentiary hearing to charge a trustee was heard by *Howard J. Whitehead*, J., and entry of judgment was ordered by him.

*Morris J. Gordon* for the plaintiff.

*Thomas C. Tretter* for Family Mutual Savings Bank.

PORADA, J. The plaintiff commenced an action in the Superior Court against R.K. Ahern Co., Inc., Robert K. Ahern, and Roland Couillard (debtors) on a promissory note. In that action, she obtained approval of a trustee process attachment of all funds of the debtors in possession of Family Mutual Savings Bank (trustee). Upon the debtors' default, the plaintiff was awarded judgment in that action in the sum of $699,764.30, after which she filed a motion to charge the trustee, and requested an evidentiary hearing to determine the sum the trustee should be charged based on a discrepancy between the

---

[1]Of the Wenfield Realty Trust.

[2]Robert K. Ahern, Roland Couillard, and Family Mutual Savings Bank as defendant pursuant to trustee process.

amount of funds the trustee had answered it possessed and the amount of funds the trustee disclosed in answers to interrogatories was actually held by it for R.K. Ahern, Co., Inc., at the time of service of process upon the trustee. The motion was scheduled for a hearing before a Superior Court judge whom the parties agree heard arguments of counsel and allowed counsel to file memoranda.[3] After the memoranda were filed, without holding an evidentiary hearing, the judge found based on "undisputed facts" that even though there was $52,820.06 in the account of R.K. Ahern Co., Inc., at the time of service of process upon the bank on September 28, 1991, the bank was only chargeable for the sum of $349.07, the sum remaining in the account on October 7, 1991, when the bank discovered the existence of the account. Relying on *Eddy* v. *O'Hara*, 132 Mass. 56, 61 (1882), and by implication on the provisions of G. L. c. 246, § 27,[4] the motion judge determined that the bank's employees had acted reasonably and in good faith in an effort to comply with the attachment and, thus, should not be chargeable for the withdrawal of funds from this account between the time of service and the bank's discovery of its existence. On appeal, the plaintiff argues that the motion judge should have afforded her an evidentiary hearing before rendering this decision, because there were material issues of fact in dispute. Although the judge should not be faulted for believing that the parties had submitted the case to him based on their memoranda,[5] an evidentiary hearing was warranted to determine whether knowledge of the service of process should be imputed to the agents of the trustee who allowed withdrawals to be made on this account after service and, thus, whether the trustee should be chargeable with a sum greater than that set forth in its answer. We reverse

[3]The judge also took a statement from Couillard. The plaintiff in this appeal has waived any claim to assets held by the trustee for Couillard.

[4]General Laws c. 246, § 27, provides: "If, after the service of process on the trustee, but before he has knowledge thereof, he makes any payment in good faith or becomes liable to a third person by reason of the goods, effects or credits in his hands, or delivers such goods, effects or credits to the defendant or to any other person who may be entitled thereto, he shall be allowed therefor in the same manner as if the payment or delivery had been made, or as if the liability had been incurred, before the service of process."

[5]Although the plaintiff requested an evidentiary hearing in her motion, in the memorandum submitted she does not continue to press for an evidentiary hearing on the chargeability of the trustee on the R.K. Ahern, Co., Inc., account or clearly state the material issues of fact in dispute. Likewise, the defendant in its memorandum refers to the facts as undisputed.

the judgment and remand this case to the Superior Court for further proceedings.

As a backdrop for our decision, we outline additional facts that do not appear to be in dispute by the parties. At issue in this case is a checking account of R.K. Ahern, Co., Inc., which the trustee had acquired from the former Lowell Institution for Savings under an agreement with the Federal Deposit Insurance Corporation (FDIC) on or about August 30, 1991. At the time of service upon the trustee's employee at a branch bank in Bradford on September 28, 1991, which was a Saturday, this account had $52,820.06 in it. At the time service was received, employees of the trustee receiving a summons were required to initial the time and date of receipt of service and to call the trustee's operations office so that a hold could be placed on the funds in question. The operations office of the trustee was not open on Saturdays and was located at Ward Hill. The branch employee of the trustee served with the summons averred that she had no memory of the service, and the trustee stated that the operations department first learned of the trustee process summons on Wednesday, October 2, 1991, at 10:15 A.M., at which time a computer search was made which failed to disclose any accounts of the debtors. Nor did a subsequent search at 1:00 P.M. on that date reveal any such accounts. On October 7, 1991, the president of the trustee received a letter from the FDIC dated October 4, 1991, informing the trustee that the FDIC had received at the office of the former Lowell Institution for Savings a trustee summons[6] for the Family Mutual Savings Bank regarding the debtors' accounts and had determined that the FDIC was not a trustee of any of the debtors' accounts. The trustee process summons was enclosed in that letter. As a result of the receipt of this letter on October 7, 1991, another search was made and an account standing in the name of "R.K. Ahernco., Inc.," with $349.07 in it was found on that date. During the interval from Monday, September 30, 1991, until Monday, October 7, 1991, the account had dwindled from $52,820.06 to $349.07 as a result of payments made by the trustee on this account including two to Robert Ahern, one (an "in-clearing cash letter") on October 1, 1991, for $20,000, and one on October 2, 1991, for $15,500 (this payment was alleg-

---

[6]The motion judge found that this summons had been forwarded to the FDIC at the former Lowell Institution for Savings by the branch employee.

edly made one hour after the operations department had been alerted to an outstanding trustee summons on the account).

In reaching his decision, the motion judge determined that the trustee's employees had acted reasonably and in good faith in an attempt to comply with the trustee process summons and thus should not be held liable for a greater sum than set forth in its answer. The motion judge relied on dicta in *Eddy* v. *O'Hara*, 132 Mass. at 61, in which the Supreme Judicial Court noted that "[t]he trustee, being a mere stakeholder summoned into a suit in which he has no personal interest, is entitled to the protection of the court under circumstances in which an ordinary defendant might be held liable." In light thereof, the motion judge also reasoned that if a trustee, who after receipt of service of process but without knowledge of the service of process makes a payment in good faith from the trusteed account, cannot be held liable pursuant to G. L. c. 246, § 27, it would be inequitable to hold a trustee who has knowledge of the attachment but does not know that he possesses funds subject to the attachment liable for payments made in good faith out of those funds. However, in so ruling, we believe the motion judge overlooked the compulsory nature of the payments in the *Eddy* case in contrast to the voluntary payments by the trustee's agents in this case, and misread the thrust of § 27, which provides protection to a trustee from liability when he makes a payment in good faith of trusteed funds after receipt of service but *before knowledge of the service of process.* Here, the pertinent inquiry was whether knowledge of receipt of the trustee process by the branch employee should have been imputed to the trustee's employees who made payments from the trustee account after the service but before the trustee placed a hold on the account and, if so, when.[7] If not, then the trustee

---

[7]The trustee argues that the service of process was insufficient in this case and thus it should be discharged. We deem this issue waived, for it was not raised in the trustee's answer. While we recognize that the form of a trustee's answer is prescribed by Mass.R.Civ.P. 4.2(d), 365 Mass. 742 (1974), we see no reason why the waiver provisions of Mass.R.Civ.P. 12(h), 365 Mass. 757 (1974), should not also apply to a trustee's answer. The trustee should have moved either to strike the summons or to have included a challenge to the sufficiency of service in its answer and not waited until a motion to charge the trustee was filed more than six years after service of process. In any event, the return on the trustee summons shows service on "Ann English, agent in charge at the time of service for Family Mutual Savings Bank," which on its face would appear to comply with G. L. c. 223, § 37. See *Zani* v. *Phandor Co.*, 281 Mass. 139, 144 (1932).

under the provisions of G. L. c. 246, § 27, could not be chargeable for any such payments made without knowledge. See *Spooner* v. *Rowland,* 86 Mass. 485, 486-488 (1862) (under G. S. c. 142, § 28, a predecessor of G. L. c. 246, § 27, a trustee was not chargeable for funds paid out after receipt of proper service on it but before actual knowledge of service of process on it by agent making payment); *Williams* v. *Kenney,* 98 Mass. 142, 143-144 (1867) ("[p]ayment in good faith and without knowledge of the service of trustee process, on the part of the party so paying, will discharge the trustee"). This determination would of necessity present material issues of fact, namely to whom did the branch employee receiving the trustee process summons give notice of receipt of the summons, when did she give notice, was the action taken by her reasonable, and was there neglect or an unreasonable delay in discovering this account and placing a hold on it by the trustee, particularly in light of the continuing processing of checks on this account by agents of the trustee after receipt of service on September 28, but before a hold was placed on the account on October 7. See *Williams* v. *Kenney,* 98 Mass. at 144-145. Upon remand, a judge of the Superior Court may determine whether those factual issues should be tried by him or a jury, G. L. c. 246, § 17, and the burden will lie with the plaintiff to show that the trustee should be charged in an amount greater than the sum set forth in its answer. *Workers' Credit Union* v. *Hannula,* 285 Mass. 159, 160 (1934).

The judgment is reversed and the action is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*