CHESTER W. CHAPIN *vs.* CONNECTICUT RIVER RAILROAD COMPANY.

A railroad corporation, which, under an agreement between itself and other railroad corporations whose railroads form a connecting line, settles and pays accounts monthly with that corporation only whose road adjoins its own, including therein the amounts due to the corporations whose roads lie beyond, is not liable as trustee in foreign attachment of that corporation for a sum so found due to it, and for which it is in turn liable to the other corporations under the agreement.

SCIRE FACIAS against the defendants as trustees of the Vermont and Massachusetts Railroad Company.

The defendants, by Daniel L. Harris, their president, filed an answer, disclosing the following state of facts at the time of the service upon them of the original trustee process. The several railroad companies, owning connecting railroads between Springfield and St. Johnsbury, Vermont, were doing business in connection with each other under an agreement by which each company sold passenger tickets to and from intermediate points and over the entire line, and received freight for transportation over the whole or any part of the line, the total charge for which was collected either at the place of starting or at the place of destination; at the end of each month a settlement was made of the amount due to each company for the business transacted under this arrangement; but, for the sake of convenience, it was the custom for each company, having money to pay to the others, to pay to the company whose road adjoined its own, not only the amount due to that company, but also all sums belonging to the other companies beyond, and the company receiving the money retained what was due to it and forwarded the residue; accounts were kept by each company only with the companies owning the roads next adjoining on each side, and the defendants therefore kept an account with the Vermont and Massachusetts Railroad Company on the north, and credited that company with, and paid to it, not only sums due to it, but also those due to the companies owning the roads lying beyond; and no distinction was made in the

ιccounts or payments between money paid to the Vermont and Massachusetts Railroad Company as belonging to it, and money paid to it as belonging to those companies. At the time in question the balance of accounts between these two companies was in favor of the defendants; but several sums of money, amounting in all to $1801.60, was due from the defendants to other companies owning roads beyond, and was, according to the above described custom of business, payable by the defendants to the Vermont and Massachusetts Railroad Company.

The plaintiff, who had been the predecessor of Harris in the office of president of the defendants, testified that he never knew of any claim being made for earnings or advance charges upon the defendants by any of the companies except those whose railroads adjoined its own, and never before the service of the trustee process heard it suggested that the amount due from time to time from the defendants was held by them in trust for the companies whose roads lay beyond; and that all amounts found due were settled and paid, without reference to the companies owning roads above or below.

The parties submitted the case to the judgment of the court upon the answer of Harris, and so much of the plaintiff's testimony as was legally admissible in evidence.

*A. L. Soule*, for the plaintiff.

*R. A. Chapman*, for the defendants.

HOAR, J.* The liability of the supposed trustee must be determined upon the answer, in connection with such facts as are proved by the plaintiffs, and which are additional to, and not conflicting with, the facts which the answer discloses. Rev. Sts. *c.* 109, §§ 15, 41. *Gouch v. Tolman*, 10 Cush. 104.

By the answer it appears that a sum of money was in the hands of the defendant, which, according to the course of business and agreement of the parties, was payable to the principal defendants in the original suit. But it also clearly appears that it was not due to them as their own property, but was to be paid to them as the earnings and property of the other railroad

---

* DEWEY, J. did not sit in this case.

companies who were parties to the agreement. They were to receive it only as the agents or trustees of those other companies, for the purpose of transmission to the real creditor. And there is nothing in the testimony of Chapin to control or explain this state of facts. Although it may have been the custom to pay the money directly to the agent, without distinguishing it from other payments made to that company in their own right; and although it might not have been thought or considered that the money thus paid was really the property or other parties, paid for their use and on their account; yet when it becomes important to make the distinction, and the title to the money can be plainly determined, there is no reason why the distinction should not be made. When the property of a principal can be ascertained and separated, the creditors of an agent cannot be allowed to appropriate it to the payment of their debt. *Judgment for the defendants.*