WILLIAM G. WHITE *vs.* SPRINGFIELD INSTITUTION FOR
SAVINGS.

Hampden.   Jan. 18. — Feb. 28, 1883.   FIELD & W. ALLEN, JJ., absent.

Whether a bank, having deposits standing in the names of two separate persons,
   which are spelled differently, but pronounced alike, in paying the amount due
   to one of these depositors, ought to have known or supposed that he was the
   person intended as the defendant in a trustee process served upon the bank, in
   which his name was spelled like that of the other depositor, is a question of
   fact, upon which the finding of the Superior Court is not open to revision in
   this court.

SCIRE FACIAS upon a judgment in a trustee process.   At the
trial in the Superior Court, before *Pitman*, J., without a jury,
the plaintiff asked the judge to rule that the defendant should
be charged.   The judge refused so to rule, and found that the
defendant was entitled to be discharged; and the plaintiff al-
leged exceptions.   The facts appear in the opinion.

*W. G. White*, pro se.

*H. Morris*, for the defendant.

COLBURN, J.   The question in this case is whether the de-
fendant in this suit, summoned as trustee in the original action,
when it afterwards paid the deposit standing in the name of
James Shay, knew or ought to have known that this depositor
was the same person who was the principal defendant in the
original action, and named in the writ James Shea, the trustee
having deposits belonging to different persons standing in each
name.

The burden was upon the plaintiff to show affirmatively by
the answers of the trustee, aided by other competent collateral
evidence, that the trustee should be charged; and if he failed
in this, the trustee should have been discharged.   *Porter* v.
*Stevens*, 9 Cush. 530.   *Richards* v. *Stephenson*, 99 Mass. 311.

The treasurer was the proper person to answer for the trus-
tee, and his answers and statements, sworn to, are to be consid-
ered as true, in deciding how far the trustee is chargeable.
Pub. Sts. *c.* 183, §§ 16, 17.   The answers and examination of
the trustee in this suit have the same effect they would have
had if made in the original suit.   Pub. Sts. *c.* 183, § 53.   *Fay*
v. *Sears*, 111 Mass. 154.

The question whether Shay and Shea are different names, or only different ways of spelling the same name, was one of fact, and not of law. *Commonwealth* v. *Gill,* 14 Gray, 400. *Commonwealth* v. *Mehan,* 11 Gray, 321.

The treasurer in his answers states that he had no knowledge or suspicion that James Shay, whose deposit he paid, was the defendant in the original suit; and this statement is to be taken as true, leaving the question whether he ought fairly, under all the facts, as disclosed in his answers, and the collateral evidence, to have known or supposed the identity, the only one to be determined.

This, we think, was a question of fact; and the presiding justice having found the fact in favor of the defendant, we do not see that any rule of law has been violated.

*Exceptions overruled.*