CHARLES H. CAPEN vs. R. A. DUGGAN & trustees.

Suffolk.   Jan. 17. — Feb. 28, 1884.   C. ALLEN & HOLMES, JJ., absent.

If an executor, summoned as the trustee of a devisee of his testator, after the service of the writ upon him, obtains leave of the Probate Court to sell real estate for the payment of debts, the personal estate being insufficient for that purpose, and, after applying a portion of the proceeds of such sale to the payment of the debts, pays to such devisee a certain sum as his share of the surplus, he is not chargeable as trustee for that sum.

TRUSTEE PROCESS.   In the Superior Court, the trustees were charged, and appealed to this court.   The facts appear in the opinion.

*F. D. Ely,* for the trustees.

*J. B. Goodrich,* (*H. J. Edwards* with him,) for the plaintiff.

MORTON, C. J.   Our statutes provide that " debts, legacies, goods, effects, or credits due from or in the hands of an executor or administrator as such may be attached in his hands by the trustee process."   Pub. Sts. c. 183, § 22.   Gen. Sts. c. 142, § 22. The answers of the alleged trustees in this case disclose that they are the executors of the estate of William B. Duggan; that the principal defendant is a son, and one of the devisees and heirs at law of the testator; that the personal property of the estate was insufficient to pay the debts; that, after the writ was served upon them, they obtained leave of the Probate Court to sell real estate for the payment of the debts; that they made such sale; and that, after applying a portion of the proceeds of the sale to the payment of the debts, they paid over to the principal defendant the sum of $459.29 as his share of the surplus.   The plaintiff contends that this payment was unjustifiable; and that the executors are chargeable as trustees for this amount.

It is a familiar rule, that the liability of an alleged trustee must be determined by the state of things existing at the time the writ is served upon him.   When the writ in this action was served upon the executors, no debt or legacy was due the defendant, and they had not in their hands any goods, effects, or credits belonging to him.   He had no claim against the estate or the executors, unless it was a claim for his share, as legatee

or distributee of the personal property after the payment of the debts. His share of the real estate vested in him at the death of the testator, liable to be devested in whole or in part, if it was needed to pay debts. He had no claim against the executors until after they had sold the real estate, which, as we have said, was long after the writ was served upon them. We are therefore of opinion that the trustees must be discharged.

The cases upon which the plaintiff relies are clearly distinguishable from the case at bar. It was held in *Holbrook* v. *Waters*, 19 Pick. 354, and in *Wheeler* v. *Bowen*, 20 Pick. 563, that the interest of a legatee or distributee in the personal property of the deceased could be attached on a trustee process before a decree of distribution. This is upon the ground that the interest of a legatee or distributee vests at the death of the testator, so that he has a claim against the executor which does not depend upon any contingency, the only uncertainty being as to the amount. In *Boston Bank* v. *Minot*, 3 Met. 507, it was held that the attachment by the trustee process of a debt due from the deceased to the principal defendant in the trustee suit held the whole amount which might eventually be due to the defendant from the estate, whether derived from the personal property or from a sale by the executors of the real estate. The reason is obvious, and is fully stated in the opinion of the court. The debt which is attached is, at the time the writ is served, a fixed liability of the estate and of the executor, who is bound to pay it out of the assets, from whatever source they may come. See also *Cady* v. *Comey*, 10 Met. 459; *Hoar* v. *Marshall*, 2 Gray, 251.

In the case at bar, as we have before said, there was, when the writ was served, no fixed liability of the estate or of the executors to the principal defendant. There was merely a possibility that the executors might sell real estate and have a surplus, for which they would become liable to him. Until they thus became liable, they had nothing of the defendant's in their hands for which they could be charged as trustees. At the time of the service upon them, therefore, they were not chargeable.                                    *Trustees discharged.*