MECHANICS' SAVINGS BANK *vs.* SILAS M. WAITE & trustee.
CHAPIN NATIONAL BANK *vs.* SAME.

Hampden.    September 24, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, & HOLMES, JJ.

*Trustee Process — Infant — Administrator — Guardian — Lien.*

A distributive share in a minor intestate's estate is attachable by trustee process as soon as the administrator thereof has given bond and has received letters of administration, although the minor's guardian still holds the personal estate, and his final account has not been filed or allowed.

TWO TRUSTEE PROCESSES. George D. Robinson, administrator of the estate of Edward J. Vinton, was summoned as trustee in each case. The cases were tried in the Superior Court, without a jury, before *Dewey,* J., who reported them for the determination of this court. The material facts appear in the opinion.

*E. W. Chapin & G. Wells,* (*J. Barnes* with them,) for the plaintiff in the first case.

*G. M. Stearns,* for the plaintiff in the second case.

*G. D. Robinson & E. H. Lathrop,* for the trustee.

HOLMES, J. The Mechanics' Savings Bank summoned Mr. Robinson as trustee of the principal defendant. Afterwards the Chapin National Bank served him with similar process. The principal defendant has been defaulted, and the question raised by the report is whether the trustee should be charged in either suit. If he is chargeable in the earlier one, he is chargeable in the second, unless the first exhausts the fund in his hands.

When the first writ was served the principal defendant was entitled to a distributive share of one fourth of the estate of Edward J. Vinton, a minor, deceased, when it should be settled. Mr. Robinson had given bond, and had received letters of administration. But the guardian of Vinton still held his personal estate, a large part of which consisted of stocks and deposits in banks, both standing in the guardian's name, and the guardian's final account had not been filed or allowed. These are the only material facts, and the question, more precisely stated, is whether

the guardian's relation to the property takes the case out of the ordinary rules.

It is settled that the principal debtor's distributive share of an estate in the hands of an administrator may be attached by trustee process as soon as the administrator has given bond and has received letters of administration. The lien takes effect from the service of the process, and reaches the whole interest of the debtor in the personal estate that may eventually come into the hands of the administrator. *Wheeler* v. *Bowen*, 20 Pick. 563. *Boston Bank* v. *Minot*, 3 Met. 507, 509, 510. *Davis* v. *Davis*, 2 Cush. 111, 114. *Capen* v. *Duggan*, 136 Mass. 501, 502. Since the lien is not confined to property in the administrator's possession at the time of service, it seems to follow that it would attach even if no property were in his possession at that time.

The reason given for the foregoing rules is, that the interest of the distributee vests at the death of the testator. This reason points to the same result, since the vesting of the distributee's interest does not depend upon the question whether the administrator must bring actions or settle accounts before he is able to distribute.

In the matter before us, the law does not look beyond the administrator in whose hands the estate, considered as a whole, is supposed to be, however the parts may be scattered. The estate for this purpose may be regarded as a single *res*, which comes to the administrator *per universitatem*, as representing the person of the testator, — another illustration of the principle on which the estate is distributed according to the law of the intestate's domicil, wherever the chattels composing the estate may happen to be found at his death.

It should be remembered that it is at least questionable whether residuary legatees or distributees formerly had any interest in the specific funds in the hands of an executor or administrator, and whether they had any right except to call him to account, and to demand the balance. *Thorne* v. *Watkins*, 2 Ves. Sen. 35, 36. And although residuary legatees now have an interest in the fund as it is, (*Marvel* v. *Babbitt*, 143 Mass. 226; *Pierce* v. *Gould*, 143 Mass. 234,) still it is subject to an account. An executor or administrator is not to be charged until the es-

tate is so far settled as to render it certain that there is a balance
to be distributed, and, if necessary, the case will be continued
until that time. *Wheeler* v. *Bowen*, 20 Pick. 563. *Hoar* v. *Mar-
shall*, 2 Gray, 251, 253. *Vantine* v. *Morse*, 104 Mass. 275, 276.
The settling of the estate may make it necessary for the admin-
istrator to sell all the property in his hands, so that none of it
will come *in specie* to the distributee; yet that of course does
not affect the validity of the attachment.

It hardly would be denied that the trustee writ held the de-
fendant's share, although that share could not be realized until
debts due the estate had been collected, even if the whole estate
consisted of such debts and they all had a few months to run
before maturity. So, if the assets consisted of a share in a part-
nership, which could not be realized except by taking a partner-
ship account, the attachment would be equally effectual. It can
make no difference if the account is to be taken with a guardian,
or that the guardian is bound to hand over specific property
subject to the account. If the administrator had not an immedi-
ate right to the estate, he had an immediate right to an account,
and to the balance due upon it.

When an executor or administrator is trusteed in an action
against a specific legatee, the attachment fails if it does not reach
the specific chattel bequeathed, and therefore, if the legacy has
been assented to by the executor, and is moreover in the hands
of third persons as against whom the executor has no right of
possession, the writ will be fruitless. That was the case of the
fraction of a vessel in *Nickerson* v. *Chase*, 122 Mass. 296. But
in this case the writ does not depend upon reaching specific
chattels. It does not need to attach property in the hands of
the guardian, if there is any property rightly in his hands. It
attaches the right of Waite as against the administrator, which
is the same in principle whether the estate consists of chattels in
the administrator's warehouses, of money in the bank, of debts
not yet collectible, or of a mere right to a balance of an account
with a third person.

In the view which we have taken of the case, it is unneces-
sary to consider whether the guardian has in fact a lien·upon the
property in his hands, which has been denied; *Norton* v. *Strong*,
1 Conn. 65; *Lang* v. *Whitney*, 36 Maine, 155, 161; (see Pub.

Sts. c. 139, § 22; *Brown* v. *Dunham*, 11 Gray, 42;) or whether, if he had such a lien, it would prevent the trustee process against the administrator reaching property to which the administrator had an immediate right, subject to the lien. *Peabody* v. *Maguire*, 79 Maine, 572, 584. We should add, with reference to one argument addressed to us, that, if it were necessary that the attachment should reach the property in the guardian's hands, the position of that property is wholly different after the ward's death from what it was before. After the death, the guardianship is at an end, and, if the property is subject to a lien, it is held by the former guardian in his private capacity, on his own account, as it might be held by any other person for a similar balance, and it is subject to the same liabilities.

It seems from the report that the attachment of the Mechanics' Savings Bank will exhaust the fund. If there is a possibility of a surplus, the case of the Chapin National Bank should be continued until it becomes certain whether there will be one. *Cutter* v. *Perkins*, 47 Maine, 557, 565. If there is a surplus, the trustee will be charged in the second case, as well as in the first, the amount being left to be determined on *scire facias*. If there is no surplus, he will be discharged.

*Trustee charged in the first case.     Second case to be continued.*