GARRATT-FORD COMPANY *vs.* STEPHEN BRENNAN & another, trustee.

Suffolk.    January 14, 1919. — March 28, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Trustee Process.    Practice, Civil,* Requests for rulings, Exceptions.

An exception to a refusal by a judge, hearing a motion to charge a trustee in trustee process upon interrogatories, answers thereto, statements by the plaintiff under R. L. c. 189, § 15, and other evidence under § 16, to grant a request for a ruling of law based "upon all the evidence" must be overruled where it appears that all the material evidence is not reported in the bill of exceptions.

At the hearing upon the motion above described, it appeared that the plaintiff's contention was that, at the date of the service of the writ upon the trustee,

there was a balance due from the trustee, as owner, to the defendant, as contractor, upon a building contract. The trustee asked the judge to rule that, if all the work contemplated by the contract was not completed on or before the date of the service of the writ upon the trustee, the trustee owed the defendant nothing "absolutely and without any contingency," that, if the defendant had not completed the contract, the trustee had no funds in its hands which could be attached by trustee process, and that the defendant was responsible for all work done in completion of the contract. The evidence was conflicting, but there was evidence warranting findings that the contract had been performed completely by the defendant before the writ was served upon the trustee. The rulings were refused, and the trustee excepted. *Held*, that the rulings were refused properly, since it was for the judge upon conflicting evidence to determine the questions of fact involved in them.

It was proper for the judge, at the hearing above described, to refuse to make a ruling as to rights of the architect under a provision of the contract which could not have been found to have been exercised by the architect.

CONTRACT for a balance due to the plaintiff as subcontractor upon a building contract. Writ dated July 30, 1898.

After a finding for the plaintiff in the sum of $2,997.39, the plaintiff proceeded against the trustee. These proceedings, which were before *Wait*, J., are described in the opinion. The trustee asked for the following rulings, among others:

"(1) Upon all the evidence and the auditor's report, the city of Boston should be discharged in the above entitled cause.

"(2) Upon all the evidence and the auditor's report the city of Boston should not be charged as trustee in the above entitled cause.

"(3) If all the work contemplated by the written contract, dated August 3, 1894, between Brennan and the city of Boston, was not completed on or before July 30, 1898, the city of Boston owed Brennan at the time of the service of the plaintiff's writ upon it in the above entitled case, nothing, absolutely and without any contingency.

"(4) If all the work contemplated by the said written contract was not completed on or before July 30, 1898, the city of Boston had no funds in its hands which could be attached by the trustee process in the above entitled cause at the time of the service thereof upon it.

"(5) If Brennan or any of his subcontractors performed any work after July 30, 1898, which was required by the terms of the said written contract, the city of Boston owed Brennan nothing, absolutely and without any contingency.

" (6) If Brennan or any of his subcontractors had not completed all the work contemplated by the said written contract on or before July 30, 1898, then the city of Boston had no funds in its hands which could be attached by trustee process at the time of the service of the plaintiff's writ upon it.

" (7) Stephen Brennan was responsible for all work done under and in connection with the written contract dated July 3, 1894, between the said Brennan and the city of Boston.

" (8) Upon all the evidence and the auditor's report, a substantial amount of work under Brennan's contract remained to be done and was done after July 30, 1898.

" (9) Article 8 on page 58 of the written contract, dated August 3, 1894, between Brennan and the city of Boston, permits the city of Boston to retain any sum of money in its hands to complete any work unfinished by the contractor Brennan, and to correct any work left imperfect by the contractor Brennan; the money thus held is not subject to attachment by trustee process by any of Brennan's creditors.

" (10) Any money held by the city of Boston as a reserve in accordance with the terms of Article 9 on page 58 of the written contract, dated August 3, 1894, could not be attached by trustee process by any of Brennan's creditors until thirty-one days after the completion and acceptance of the whole work, and then only if all the claims and liens arising out of the carrying out of the contract according to its terms had been paid.

" (11) The funds held by the city of Boston as reserve in accordance with the terms of the contract dated August 3, 1894, between Stephen Brennan and the city of Boston, as modified by the agreement dated August 11, 1896, between the said parties, were not attachable by trustee process by the said Garratt-Ford Company on July 30, 1898.

" (12) Upon all the evidence, the city of Boston had no goods, effects or credits of the said Stephen Brennan in its hands or possession which could be attached by trustee process by the said Garratt-Ford Company on July 30, 1898."

" (14) Upon all the evidence and the auditor's report, the furnishing and placing of the seats always remained a part of Brennan's contract.

" (15) Upon all the evidence there were not at the time of the

service of the plaintiff's writ upon it any goods, effects or credits of the said Stephen Brennan in the hands or possession of the city of Boston which were due and payable to the said Brennan absolutely and without any contingency."

"(17) Upon all the evidence the plaintiff has not sustained the burden of proving that there were at the time of the service of the plaintiff's writ upon it any goods, effects or credits of the said Stephen Brennan in the hands or possession of the city of Boston which could be attached by trustee process."

The judge refused to rule as requested, and allowed a motion of the plaintiff to charge the trustee; and the trustee alleged exceptions.

The bill of exceptions contained the following statement in regard to the report of the evidence: "Much correspondence between the city of Boston and Brennan during the months of May, June and July, 1898, and later was introduced in evidence. All of this correspondence passing between the principal defendant and the alleged trustee relative to the completion of the building and the state of accounts between them and the oral evidence of various witnesses was introduced and considered by the auditor to whom the matter was referred by the court as hereinafter stated. The evidence was not stenographically reported." In the last paragraph of the bill of exceptions appears this statement: "The foregoing is a full statement of the proceedings and as far as possible of all material evidence, upon which the court ordered that the trustee be charged."

*W. J. O'Malley*, for the trustee.

*A. H. Russell*, for the plaintiff.

CARROLL, J. The defendant Brennan made a contract in August, 1894, with the city of Boston (the trustee in the present action) to build surgical operating and open ward buildings. The plaintiff was a subcontractor under Brennan. On August 11, 1896, the parties modified the contract; and pursuant to the terms of the modification the city took possession and was using the buildings, except the amphitheatre and adjacent rooms, prior to July 30, 1898, — the date of the service of the trustee process in this action. To this process the city answered, "No funds."

In December, 1899, Brennan was adjudicated a bankrupt, and in March, 1900, filed a plea of bankruptcy in the instant case,

and the action was continued. In 1904 Brennan's trustee in bankruptcy brought an action against the city to recover the balance due Brennan, and additional damages for delay in the work under the contract above referred to.

In February, 1908, the plaintiff in the present case filed interrogatories to be answered by the trustee, the city of Boston. The city answered setting forth that Brennan's trustee in bankruptcy claimed the sum of $19,721.05 under the building contract, and that this claim was disputed by the city; that it did not know until the termination of the suit of Brennan's trustee against it how much, if anything, was due from the city, and "that until such judgment or verdict is entered it ought not to be called upon to answer to plaintiff's interrogatories."

The present case then stood without further action until the determination of the action of the trustee in bankruptcy against the city of Boston. The latter action was referred to an auditor, who in March, 1913, filed a report stating that there was due from the city to Brennan the sum of $10,879.41 with interest. The city agreed to an entry of judgment based on the report of the auditor, and later paid the trustee in bankruptcy $12,184.94. In the report of the auditor subsequently appointed, dated February 1, 1917, and hereinafter referred to, it was found that this payment was made through inadvertence.

On December 26, 1914, the plaintiff in the present action moved that the city answer the interrogatories already filed; and it also filed additional interrogatories. After the interrogatories were answered, the plaintiff filed allegations of fact not stated nor denied by the city, under R. L. c. 189, § 15. To these allegations of fact the city made no answer.

On October 7, 1915, the plaintiff moved that the city of Boston be charged as trustee. At the hearing of this motion the city denied the allegations of fact on file. Oral evidence was introduced as well as the pleadings, the report of the auditor in the case of Brennan's trustee in bankruptcy against the city, and the pleadings in a case brought by one Van Norden against Brennan, in which the city was summoned as trustee under date of March 8, 1899, and in its sworn answer admitted it owed Brennan $4,129.41. The auditor in the case of Brennan's trustee against the city found that by the terms of the contract the city was to

pay Brennan $221,476, and that provision was made for extra work; that he had already been paid $233,099.84, and a balance was due, which Brennan contended was $19,721.05, and the city $4,129.41.

The defendant Brennan was called as a witness at the hearing on the motion to charge the trustee, and testified that before July 30, 1898 (the date of the present action), he had completed the work called for in the contract with the city and neither he nor any subcontractors employed by him, with his knowledge or consent did any work or furnished any material after that date, "that the city of Boston long before that time was in possession of the building and occupying the same for the purpose for which it was erected." The written correspondence between Brennan and the city during May, June and July, 1898, was also in evidence. After the evidence was introduced the court appointed an auditor to determine whether any work was done or materials furnished by Brennan after July 30, 1898, and before February, 1904, under his contract with the city; and if such work was done, whether the city owed Brennan therefor. His report was filed February 1, 1917, and on March 1, 1918, it was offered in evidence by the plaintiff. The city introduced no further evidence but filed requests for rulings. On March 11, 1918, the court granted some of the requests, refused others, and allowed the plaintiff's motion charging the city of Boston as trustee, from which ruling the city appealed and alleged exceptions.

Under R. L. c. 189, § 15, the answer and statements of a trustee under oath shall be considered as true in determining how far he is chargeable. But on the question of charging or discharging the trustee, either party may allege and prove facts not stated or denied by the trustee, which may be material; and a question of fact which arises upon such additional allegations may be tried by the court or a jury. R. L. c. 189, § 16. In this procedure the party is confined to the proof of facts "not stated nor denied by the supposed trustee." *Gouch* v. *Tolman,* 10 Cush. 104. No objection, however, was raised to the procedure adopted nor to the evidence; and no complaint is made that at the hearing on the motion to charge the city as trustee any facts were alleged or proved which were not admissible under the statute.

The trustee's exceptions must be overruled. The first and second requests ask for the discharge of the trustee on all the evidence. As all the evidence is not reported we cannot say that the judge was wrong in denying these requests. Requests numbered 8, 12, 14, 15 and 17 also are based upon all the evidence in the case, and for the reasons given there was no error in refusing these requests.

The third request asked the judge to rule that if all the work contemplated by the contract of Brennan with the city was not completed on or before July 30, 1898, the city owed nothing to Brennan, "absolutely and without any contingency." This request called for consideration of the whole evidence. There was evidence that the work was entirely completed on that date, and also to the contrary. It was for the judge to decide the question, and if he believed the testimony of Brennan the work under the contract was finished on July 30, 1898, when the plaintiff's writ was served on the trustee; and if any work was done subsequently to that time, it was done without his (Brennan's) knowledge or consent and the city was already in possession of the buildings and occupying the same. The denial of this request was not erroneous.

What we have said disposes of requests numbered 4, 5 and 11.

Referring to the sixth and seventh requests, — that if Brennan had not completed the contract the city had no funds in its hands which could be attached by trustee process, and that Brennan was responsible for all work done in the completion of the contract, — in addition to the testimony of Brennan that no work was done after the date of the writ in the present case, the auditor's report in the case of the trustee in bankruptcy against the city was in evidence and showed that the city admitted it owed Brennan $4,129.41. This was confirmed by the city's answer as trustee in the Van Norden case, admitting the sum of $4,129.41 due to Brennan; and in answer to the plaintiff's interrogatory the trustee stated that approximately $4,000 was held until the contract should be completed. Although the report of the auditor of February 1, 1917, showed that some work was done by subcontractors after July 30, 1898, in completion of Brennan's contract, in view of all the findings of the auditor and all the evidence in the case which was before the judge, including the trustee's

admissions, we find no error of law in refusing the sixth and seventh requests.

The ninth request refers to the article in the contract which gave the architect the right, if dissatisfied with the progress of the work, on three days' notice to the contractor to correct the work and complete it according to the contract, "the cost thereof . . . [to] be paid by said contractor." There is no evidence that the architect acted under this provision of the contract, therefore the request could not properly have been given.

The tenth request is based on article nine of the contract. The original contract was subsequently modified, and in the absence of evidence we cannot determine that the time during which the city could hold the reserve payment had not elapsed on July 30, 1898.

We treat the direction of the court in allowing the plaintiff's motion to charge the trustee not as final but merely as an order to charge the trustee. The exceptions are before us and present all the questions of law open on the appeal. We find no error of law. The order charging the trustee must be affirmed, and the exceptions overruled.

*So ordered.*