HAROLD W. KROGMAN *vs.* RICE BROTHERS COMPANY & trustee.

Suffolk.   November 30, December 1, 1921. — April 21, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Trustee Process.   Contract,* Performance and breach.  *Practice, Civil,* Trustee process: trial by jury.

In an action by trustee process, the burden is upon the plaintiff to prove that the trustee should be charged.

Money cannot be attached by trustee process unless, when the writ is served upon the alleged trustee, the money is due from him to the defendant absolutely and without any contingency except that of time.

In an action by trustee process, the question, whether the trustee is chargeable, must be determined upon the facts as they exist when the writ is served upon him and he should not be charged upon proof merely that eventually something may be due, and that it is probable that some amount may become payable, from him to the defendant.

At the hearing in an action by trustee process of the question, whether an alleged trustee should be charged, it appeared that the defendant was under contract to build two ships for the alleged trustee, both of which were to be delivered before the date when the writ was served upon the alleged trustee; that the first ship was delivered late but nine days before the service of the writ, and that there was nothing due to the defendant on account thereof when the writ was served; that the second ship was unfinished when the writ was served and was not delivered until three months later; that the contract provided for the payment of fixed amounts within ten, thirty, sixty, ninety and one hundred and twenty days after the completion of the first ship; that these payments were to be made upon fulfilment of certain conditions relating to insurance, time of construction, freedom from liens and quality of steel; that the trustee was entitled to damages by reason of the delay of the defendant in completing the second ship; that the contract, still in force in these particulars, provided that no payments should be required "until and unless the builders shall offer reasonable evidence that all reasonable claims for work, labor and material such as might constitute a lien on said vessels or either of them have first been paid and satisfied in full," and that no such evidence had been furnished to the trustee by the defendant. *Held,* that an order discharging the trustee was warranted.

No exception will be sustained to a refusal by a judge, at the hearing upon the question whether an alleged trustee shall be charged in trustee process, to find facts in accordance with the testimony of a witness for the plaintiff.

At the hearing above described, statements contained in a bill in equity, signed, sworn to and filed by an officer of the defendant who was not a witness at the hearing, after the service of the writ in trustee process, which statements tended to refute facts alleged in the answer of the trustee, and also evidence relating to an alleged waiver by the defendant after the date of the service of the trustee process of requirements in the contract of certificates of freedom from "claims, unpaid bills or liens," properly were excluded.

In the action above described, the plaintiff moved that there be framed for trial by jury an issue, "how much, if anything," was due from the alleged trustee to the defendant at the time of the service of the writ upon the alleged trustee. The motion was denied. A judge who heard the motion indorsed thereon, "Denied after hearing. Trial by jury denied." *Held,* that

(1) The action of the judge must be considered as limited to the motion before him;

(2) The issue stated in the motion was too broad;

(3) The plaintiff failed to ask for issues to which he was entitled;

(4) The motion properly was denied.

CONTRACT, with a declaration in four counts covering claims amounting to $66,581.50, the action being begun by writ in trustee process naming Commonwealth Fisheries Company as trustee. Writ dated July 25, 1919.

Material allegations in an amended answer filed by the alleged trustee on February 18, 1920, are described in the opinion. The plaintiff on March 20, 1920, filed a statement containing the following "further facts on the question of charging the trustee:"

"1. At the time of service of the plaintiff's original writ upon the trustee, the labor and materials necessary to complete the second trawler, was a comparatively small amount and much less than $30,000.

"2. At the time of service of the plaintiff's special precept upon the trustee, the second trawler had been fully completed and was ready for delivery.

"3. At the time of service of the plaintiff's original writ upon the trustee, there was due from the trustee to the defendant, various sums for equipment and extras not included in the original contract.

"4. At the time of service of the plaintiff's original writ upon the trustee, the defendant claimed that there was due it from the trustee, a large amount of money."

On July 20, 1920, the plaintiff filed a motion "that on the trustee's answer, the additional allegations, the deposition taken in support thereof and any further evidence that may be submitted at the time of trial, in accordance with the provisions of chapter 189, section 16, the following issues of fact be tried by jury:

"(1) At the time of service of the plaintiff's original writ in the above action upon the trustee, how much if anything, was due from the Commonwealth Fisheries Company to Rice Brothers Company, absolutely and without any contingency?

"(2) At the time of the service upon the trustee of the special precept that issued in the above action, how much if anything was due from the Commonwealth Fisheries to Rice Brothers Company absolutely and without any contingency?"

The motion was heard by *Wait,* J., who indorsed thereon, "July 20, 1920. Denied after hearing. Trial by jury denied;" and reported the matter to this court "upon the facts and questions embodied in the plaintiff's bill of exceptions, allowed" by him relating thereto. In that bill is the statement that the judge, "after hearing and examining said allegations and a deposition thereon denied any jury issues on the question of charging the trustee."

The question, whether the trustee should be charged, afterwards was heard by *McLaughlin,* J. Material evidence and exceptions saved by the plaintiff are described in the opinion. By order of the judge, the trustee was discharged; and the plaintiff alleged exceptions.

*C. S. Tilden,* for the plaintiff.

*C. Bosson,* for the defendant.

JENNEY, J.   On July 25, 1919, the plaintiff began an action of contract against Rice Brothers Company, a corporation organized under the law of Maine.   Service was made upon the defendant by publication only and it has not "appeared except specially, contesting jurisdiction."   Commonwealth Fisheries Company, a Massachusetts corporation hereinafter called the Fisheries Company, was summoned as trustee, and on October 29, 1919, a special precept was issued by which the plaintiff attempted further attachment of the defendant's property in possession of the Fisheries Company.   The plaintiff, however, does not now urge that jurisdiction has been acquired except as to property attached upon the original writ.   *Roberts* v. *Anheuser Busch Brewing Assoc.* 215 Mass. 341.

The plaintiff contends that the Fisheries Company should be charged as trustee of the defendant, and the exceptions wholly concern that question and incidental proceedings.   This contention is based upon the trustee's amended answer and the evidence admitted in support of the plaintiff's allegations of facts neither stated nor denied by the trustee.   That answer included all facts disclosed by the original answer of the trustee and by the interrogatories to the trustee and its answers thereto.

From the amended answer the following facts appear:

In March, 1917, a contract theretofore made between the defendant and Alden A. Mills was assigned to the Fisheries Company, and assumed by it, and the defendant accepted that company as a party to the contract in place of Mills.   The original contract provided for the building by the defendant of two sea-going vessels, one on or before December 1, 1917, and the other on or before April 1, 1918.   The first vessel was named the Louis M. Winslow, and is hereinafter designated as the Winslow.   It was not delivered to the trustee until July 16, 1919.   Simultaneously with its delivery, by written agreement, the defendant and the trustee adjusted all material differences relating to that vessel. It is not contended that the trustee should be charged because of any credits relating to the Winslow.

The second vessel was named the Alden A. Mills, and is hereinafter called the Mills.   It was not delivered until November 8, 1919.

When the original writ was served on the trustee, it was unfinished and the cost of its completion would have been at least $30,000, and there remained unpaid $78,179.09 on the contract relating to that vessel. Of this amount $30,000 was to be paid "within ten days after completion of the second vessel, acceptance of the same by the architects, and delivery to the Owner." No claim is made that the trustee is chargeable for this amount. The plaintiff contends that he is entitled to an order charging the trustee because the contract further provided for the payment of fixed amounts within ten, thirty, sixty, ninety and one hundred and twenty days after the completion and delivery of the Winslow; that as these were due absolutely and without contingency at the time of the service of the original writ, they were attachable before they became payable, although the trustee could not be compelled to pay before the times appointed by the contract; that the times so appointed having elapsed the defendant is now chargeable because of the amounts which became payable before the completion of the Mills and its acceptance by the trustee. See G. L. c. 246, § 24.

The contract provided that these payments were to be made "upon fulfilment of the conditions hereinafter specified," which related to insurance, time of construction, freedom from liens as hereinafter set forth, and quality of steel.

The payments made before July 25, 1919, included all that possibly could become due until October 14, 1919, ninety days from the date of the delivery of the first vessel.

The answer states as a fact that the trustee was entitled to damages by reason of the delay of the defendant relating to the Mills, the contract providing that time was its "essence."

Prior to November 8, 1919, although the trustee was ready and willing to accept delivery, the defendant and the receivers appointed over its property by the Supreme Judicial Court of Maine, had at all times informed the trustee that the Mills was not ready for delivery.

The contract further provided that no payments should be required "until and unless the Builders shall offer reasonable evidence that all reasonable claims for work, labor and material such as might constitute a lien on said vessels or either of them have first been paid and satisfied in full." The trustee's answer

explicitly alleges that the original contract had not been "abrogated, altered, amended, or otherwise changed," or any of its terms waived except as set forth in the answer or provided in certain paper writings referred to therein.

On November 8, 1919, the receivers of the defendant and the Fisheries Company entered into a contract reciting the present action and the attachments by trustee process made or sought to be made therein, the completion of the Mills, and the willingness of the Fisheries Company to accept delivery under the contract, agreeing that the Fisheries Company should pay into the Chapman National Bank $63,000 in full payment for the Mills and for all claims arising under the contract for its construction, said amount to be held in trust to await the entry of a final judgment in this case, and providing for the disposition of said amount in that event. The money was paid to the bank at the time this contract was executed.

The trustee was discharged. Assuming that this action was based wholly on the trustee's answer, it was right. The burden was upon the plaintiff to show that the trustee should be charged. *White* v. *Springfield Institution for Savings*, 134 Mass. 232. Clearly there were contingencies which might arise after July 25, 1919, which might totally defeat the right of the defendant to the amounts specified to be payable upon days fixed with reference to the completion of the first ship, in case of a failure to insure, the possibility of liens, improper quality of materials, damages because of the failure to deliver the Mills on or before April 1, 1918, or in case the defendant should entirely abandon its contract.

Money cannot be attached by trustee process unless when service is made on the trustee it is due absolutely and without any contingency except that of time. *Potter* v. *Cain*, 117 Mass. 238. *Doyle* v. *Gray*, 110 Mass. 206. *Nutter* v. *Framingham & Lowell Railroad*, 131 Mass. 231. *Eddy* v. *O'Hara*, 132 Mass. 56, 61. *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384. It is immaterial that there may eventually be something due from the trustee to the defendant or that it is probable that some amount may become payable. The trustee is chargeable only upon the facts existing when the writ was served on it. *Godfrey* v. *Macomber*, 128 Mass. 188. *Knight* v. *Bowley*, 117 Mass. 551. The trustee's answer does not disclose a situation of disputed liability on then existing

facts, and hence *Thorndike* v. *De Wolf*, 6 Pick. 120, and *Wheeler* v. *Bowen*, 20 Pick. 563, do not apply. See *Capen* v. *Duggan*, 136 Mass. 501.

The liability of the trustee subject to the limitation hereinafter referred to must be determined upon facts disclosed by the answer, whether such facts are stated as within personal knowledge or upon information or belief. G. L. c. 246, § 16. *Crossman* v. *Crossman*, 21 Pick. 21. *Fay* v. *Sears*, 111 Mass. 154. *Clinton National Bank* v. *Bright*, 126 Mass. 535. *Capen* v. *Duggan, supra.* *Garratt-Ford Co.* v. *Brennan*, 232 Mass. 493, 498.

If the discharge of the trustee be considered in connection with the trial upon the plaintiff's allegations of further facts, it was rightly made. These are treated as filed under R. L. c. 189, § 15 (see now G. L. c. 246, § 16), permitting the allegation and proof of facts material in determining how far the trustee is chargeable and neither stated nor denied by the trustee; but the plaintiff was not entitled to establish facts as to which he was concluded by the trustee's answer. *Winsted Bank* v. *Adams*, 97 Mass. 110.

The allegations are set out, *ante*, 296, 297. The first was immaterial. The question for decision was whether anything was due at the time of the service on the trustee of the original writ. If it is assumed that the facts are as therein stated, the conclusion follows from what has already been said that there was nothing due at that time. No contention is now made by the plaintiff as to the pertinency of the second allegation. The fourth related wholly to the claim by the defendant that the trustee was indebted to it at the time of service. Such a claim did not establish nor tend to establish an indebtedness warranting the charging of the trustee even if it presented an allegation proper under the statute. The third allegation was supported by evidence that the defendant had furnished labor and materials on the Mills not included in the contract for its construction. But this evidence may not have been believed. On the bare record, the order discharging the trustee after hearing this evidence is in effect a finding of fact against this contention. *Adams* v. *Dick*, 226 Mass. 46. *Prentiss* v. *Gloucester*, 236 Mass. 36.

The evidence proffered of statements contained in the bill in equity, upon which the receivers of the defendant's property were appointed, that large sums of money due the defendant had

been attached by the plaintiff through the trustee process, was properly excluded. The bill was filed after the trustee process had been served. Its allegations were not admissible to contradict the facts contained in the trustee's answer, or to prove that statements contained in the bill were true. The bill was signed and sworn to by William E. Rice, assumed to have been an officer of the defendant, but who was not a witness. It is urged that the statements in question were declarations against the interests of and binding upon the defendant, and admissible because, it is said, the trustee no longer has any beneficial interest in the controversy as the account between it and the defendant has been settled. The answer to this contention is that in effect it attempts to charge the trustee because of what has happened since the service of the process, there being in fact nothing due at the time of the attachment.

The evidence as to waiver by the failure to require or receive after July 25, 1919, certificates of freedom from "claims, unpaid bills or liens" was properly excluded for like reasons.

The remaining exception is to the interlocutory order refusing a jury trial on specified issues relating to charging the trustee.

It is unnecessary to decide whether the plaintiff was entitled to such issues properly claimed and framed under the authority of *Hubbard* v. *Lamburn*, 189 Mass. 296. The record shows that the plaintiff asked for the trial by jury of two issues. This motion was denied rightly. The amount due at the time of service of the special precept admittedly was irrelevant. The issue as to how much, if anything, was due from the Fisheries Company to the defendant was too broad. The facts relating thereto contained in the trustee's answer could not be denied, and the only proper issues would have been such as related specifically to other material facts neither stated nor denied by the trustee. The plaintiff failed to ask for issues to which he was entitled. The record discloses no other application, general or specific, for the framing of issues. In these circumstances the action of the court denying "any jury issues" must be considered as limited to the motion before it, and the exception must be overruled.

*Exceptions overruled.*