WORKERS' CREDIT UNION *vs.* LAURI HANNULA & others.

Worcester.   January 9, 1934. — January 10, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Trustee Process. Assignment,* For benefit of creditors. *Evidence,* Presumptions and burden of proof.

In an action in trustee process, the burden is on the plaintiff to show that the trustee ought to be charged.

In an action in trustee process, it appeared that the defendant had made an assignment of all his property to the alleged trustee, through whom he had made an offer to his unsecured creditors; that the offer had been accepted and such creditors paid; that the assignment had not been discharged; and that there were secured creditors. The terms of the assignment did not appear, and it did not appear whether the secured creditors had been paid. The alleged trustee was discharged. *Held,* that

(1) It must be assumed that the assignment to the trustee had been executed in compliance with G. L. (Ter. Ed.) c. 203, §§ 40, 41;

(2) For aught that appeared, it might be that the alleged trustee was holding the property remaining after payment to the unsecured creditors for the benefit of the secured creditors and preferred creditors, if any, whose rights in such property would be superior to those of the plaintiff;

(3) No error appeared.

CONTRACT.   Writ in trustee process in the District Court of Fitchburg dated February 6, 1933.

The action was heard in the District Court by *Gallagher,* J., who found for the plaintiff. A motion by the plaintiff to charge the trustees was denied, the judge ruling that they should be discharged. A report to the Appellate Division for the Northern District was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*J. G. Annala,* for the plaintiff.

*A. Z. Goodfellow, S. M. Salny & P. Salny,* for the trustees.

RUGG, C.J.   The only question raised is whether the two individuals named trustees in this action at law begun

by trustee process ought to be charged. They answered no funds. In answer to interrogatories put to them by the plaintiff it appears that the defendant Niemi assigned to them all his property, consisting of real estate subject to a mortgage, fixtures, stock in trade and an automobile; that he made an offer through these trustees to his unsecured creditors, which was accepted and has been paid; that the assignment has not been discharged, and that this defendant with the approval of the secured and unsecured creditors was left in charge of the store containing a stock of groceries, equipment and fixtures and was still in charge at the time of the service of the trustee writ. The case was heard upon the answers of the trustees to these interrogatories.

The trial judge found that the trustees should be discharged and denied requests for rulings presented by the plaintiff on the ground that they were not in accordance with facts found by him.

The burden is upon the plaintiff to show that the alleged trustees ought to be charged. *Cardany* v. *New England Furniture Co.* 107 Mass. 116. *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 300. The plaintiff was bound, in the circumstances here disclosed, by the answers filed by the trustees, which must be considered as true. *Garratt-Ford Co.* v. *Brennan,* 232 Mass. 493, 498. *Corsiglia* v. *Burnham,* 189 Mass. 347, 349. G. L. (Ter. Ed.) c. 246, § 16. The answers show that the unsecured creditors have been paid. The answers also disclose that there are secured creditors. There is nothing to indicate that the secured creditors have ever been paid. It must be assumed also that, since the terms of the assignment are not before the court, it was executed in compliance with G. L. (Ter. Ed.) c. 203, §§ 40, 41; c. 216, §§ 118, 120. For aught that appears, creditors entitled to priority may remain unpaid as well as preferred creditors. The alleged trustees, therefore, may hold whatever property may remain of that assigned to them in trust for the secured creditors and for creditors entitled to priority, if any. The rights of such creditors would be superior to the rights of the plaintiff under the

trustee process. *Sinclair* v. *Napoli Cafeteria, Inc.* 244 Mass. 221. It follows that the plaintiff has failed to establish that the trustees ought to be charged. No error of law is disclosed on the record.

*Order dismissing report affirmed.*