Sanborn, J.
This is an action of contract on a note. The action comes before this Court on the plaintiffs’ motion to charge the trustee. There was evidence to establish the following facts. The will of Joseph Q-schwendtner was allowed by the Norfolk. Probate Court on February 10, 1937. Walter Ballantyne, Junior, one of the executors therein named, and the trustee, in the instant case, filed a bond as executor, which bond was approved by the Probate Court on February 10, 1937. On April 14, 1937, a letter issued to said Ballantyne and one Joseph Gschwendtner, appointing them executors of the last will of said deceased. By this will the defendant Frances Ballantyne was given a specific legacy of $800. Some time prior to March 13,1937, the plaintiffs caused a trustee writ in this suit against Walter Ballantyne (Senior) and Frances Ballantyne as defendants, to be served upon Walter Ballantyne, Junior, *58 as Executor,' ás aforesaid." This action" was entered March 13, 1937, and on March. 17, 1937. the. trustee answered “No funds ’ ’. On the same day, the. defendant, Frances Ballantyhé assigned all her interest, in said estate to William J. Good, Esq., attorney for the defendant's and trustee in this action. On said date, the plaintiffs filed interrogatories to the trustee, to which answers under oath were filed on April 14, 1937. By these answers, the trustee stated that when interrogated he was not the executor of the estate of Joseph Gschwendtner; that at the time of the service of the plaintiffs’ writ upon him, he had not in his possession as executor of said estate any goods, effects or credits belonging to the defendants Walter Ballantyne (Senior) or Frances Ballantyne; that there was not any money due from said estate by way of gift, legacy or debt to either of said defendants; that he based these statements on information and belief, and that the will was allowed on February 10, 1937. ' ' - -
On May 12, 1937, a special precept of attachment issued and was served on the trustee on May 15, 1937. On June 2,1937, the trustee answered “No funds”. On October 25> 1937, the plaintiffs filed a second set of interrogatories to the trustee, to which answers under oath were duly filed. By these answers, the trustee stated he was an executor of the estate of Joseph Gschwendtner; that at the time of the service of the plaintiffs ’ special precept, he had in his possession as such executor, no goods, effects or credits belonging to either of said defendants because prior to that time, to wit, on March 17, said defendant, Frances Ballantyne had made an assignment of her entire interest in said estate; that because of said assignment, he was of the opinion there was no money due from said estate by way of gift, legacy, or debt to said defendant, Frances Ballantyne that said Frances Ballantyne' was given a specific legacy of $800. by said will; that on May 5, 1937, the sum of $600. *59 was paid to the assignee on account of said interest; that said will was allowed on February 10, 1937; that his letter of appointment as executor issued April 14,1937.
The defendants were defaulted, and the plaintiffs moved to charge the trustee. Both the plaintiffs and trustee filed requests for rulings. The motion was allowed. The Court found “as a fact that on the date of service of the writ, Walter Ballantyne, Junior, was executor of the will of Joseph Gschwendtner, and had in his hands and possession eight hundred dollars, bequeathed to Frances Ballantyne, and that the trustee is chargeable with that amount. ’ ’
The question presented here is whether the motion to charge the trustee was rightly allowed. That the principal debtor’s share of an estate in the hands of an administrator or executor may be attached by trustee process is well settled. Wheeler vs. Bowen, 20 Pick. 563; Boston Bank vs. Minot, 3 Met. 507; Davis vs. Davis, 2 Cush. 111; Capen vs. Duggan, 136 Mass. 501; Mechanics Savings Bank vs. Waite, 150 Mass. 234. The primary contention of the trustee, is based on Gen. Laws, Chap. 346, §16, which provides that “The answer and statements of a trustee on oath, shall be considered as true in determining how far he is chargeable; but either party may allege and prove any facts material in determining such question and not stated or denied by the trustee.” In answer to the service of the trustee writ, and to the first set of interrogatories, the trustee stated that he was not the executor of the estate, and had no goods, effects or credits of the defendant in his possession. These answers must be considered as true and the plaintiffs are bound by them. Any allegations in contradiction of the trustee’s statements are immaterial because notwithstanding them and any evidence in support of them, the Court is required by the Statute to consider the statements of the trustee as true. Shaw vs. Bunker, 2 Met. 376; Chapin vs. Connecticut River R. R. Co., 82 Mass. 69; Bostwick vs. *60 Bass, 99 Mass. 469; Fay vs. Sears, 111 Mass. 154; First National Bank of Clinton vs. Bright, 126 Mass. 535; Emery vs. Bidwell, 140 Mass. 271; Phillips vs. Meagher, 166 Mass. 152; Wilde vs. Mahoney, 183 Mass. 455; Corsiglia vs. Burnham, 189 Mass. 347; Hubbard vs. Lamburn, 194 Mass. 398; Jordan Marsh Co. vs. Hale, 219 Mass. 495; Garrett-Ford Co. vs. Brennan, 232 Mass. 493; Workers’ Credit Union vs. Hannula, 285 Mass. 159. It follows then the trustee is not chargeable on his answers of March 17, 1937, or on his answers to the first set of interrogatories.
The trustee, however, was later served with a special precept of attachment, and in answer to a second set of •interrogatories, again stated he had no goods, effects or credits of the defendant, Frances Ballantync, in his possession as executor because prior to the service of the special precept upon him, the said debtor had made an assignment of all her interest in the estate. Again those answers must be taken as true and determine the liability of the trustee.
Counsel have devoted much attention to the question whether the trustee became an executor on February 10, 1937, when the will was allowed and his bond approved, or only when letters of appointment issued on April 14, 1937. The will in question named two executors and the petition for probate of the will requested the appointment as executors of the two persons named by the testator in his will.. While the report does not so state, it appears from the argument of counsel, letters of administration did not issue when the will was allowed because the second executor was a non-resident and had not filed with the Court an appointment of an agent as required by Gen. Laws, Chapter 195, §8. Just when the bond of the second executor was approved, although presumably April 14,1937, is not expressly stated in the report, but it was subsequent to February 10, 1937, so that nq. appointment could have been, made on that date* *61 as only one of the executors had then qualified and he could not have been appointed sole executor inasmuch as his co-executor had not deceased or declined the appointment.
We are of the opinion the date of appointment of the executors, is to be determined according to the doctrine established in the case of Wells vs. Child, 12 Allen 330. In that case an executors ’ bond was dated June 28, 1862, and its approval bears the same date. Subsequently, on August 16,1862, the Court decreed that the will be admitted to probate, and letters testamentary be issued. Later it became necessary to determine the date of the bond within the meaning of the Statute which required certain notice to be given by the executors within three months after giving bond. The Court in deciding that question said “The bond could have no operation before the letters testamentary were issued; and the formal order of the judge that they should give bond without sureties was incorporated in the same decree which admitted the will to probate and ordered the letters testamentary to issue * * * the date of ‘giving bond’ must be taken to mean the date of the issuance of letters of administration, as only then did it have any legal operation or effect.” This ease was followed in Knight vs. Grant, 219 Mass. 199.
In the instant case, we are of the opinion the executors were appointed April 14,1937, and they could not be charged by trustee process with having assets of the estate in their hands prior to that date.
Counsel for the plaintiffs have argued that because of the relationship of the parties and the fact the assignee was the attorney for both the principal debtor and the trustee, an assignment to him was fraudulent as against creditors, and under such circumstances the sworn statements of the trustee are not conclusive upon the plaintiffs. No question of fraud is before this Court.
*62 In making findings of fact in contradiction of answers and statements of the trustee, and in refusing to rule such answers are conclusive, and in ruling the trustee was chargeable as an executor prior to April 14, 1937, we are of the opinion there was prejudicial error by the trial court in allowing the motion to charge the trustee, and that this motion should have been denied. So ordered.