*Southern District*

### N. E. TILE CORP.
### v.
### THOMAS KELEHER, d-b-a
### CAPEWAY FLOOR COVERING CO. Et. Tr.

*Present:* Nash, P. J., Cox and Welch, JJ.

Case tried to *Vallely, J.,* in the First District Court of Barnstable. No. 16,099.

*Welch, J.* This is an action of contract in which the plaintiff seeks to recover $73.96 for goods sold and delivered to the defendant according to an account annexed. The defendant defaulted.

The trustee answered that it had funds in the amount of $150. standing in the name of Capeway Floor Covering Co.

The plaintiff later filed a motion as follows:

"Now comes the plaintiff in the above entitled action and moves this Honorable Court to charge the Trustee on its answer herein.

Plaintiff acknowledges receipt of Seventy-three and 96/100 (73.96) direct from the defendant since commencement of this action, and authorizes reduction of amount for which judgment shall enter accordingly."

The Court heard the motion. There was no opposition by the defendant or the trustee. The Court, after commenting orally on the fact that the papers showed that after commencement of the action the defendant had made payment of the principal balance (73.96) orally denied the motion.

The plaintiff claims to be aggrieved by the denial of the motion.

We think there was error.

G. L. c. 246, §16 provides in part that "The answer and statements of a trustee, on oath, shall be considered as true in determining how far he is chargeable; but either party may allege and prove any facts material in determining such question and not stated or denied by the trustee............................"

The liability of the trustee must be determined upon facts disclosed by the answer. *Krogman v. Rice Brothers Co.,* 241 Mass. 295, 301.

On the facts set out in the report, the trustee's answer admitting funds, requires a finding that the trustee be charged.

There was no payment or tender under G. L. c. 232, §12.

The case is remanded to the trial court with instructions to allow the motion to charge the trustee. *So ordered.*

Seymour Bluhm of Plymouth, for the Plaintiff.