*Western District*

**RAYMOND BENISON**
v.
**GEORGE M. WRIGHT, et al**
and
**CITY OF WORCESTER, Trustee**

(February 17, 1961)

*Present:* Riley, P. J., Hobson & Garvey, JJ.

Case tried to *Allen, J.,* in the Central District Court of Worcester. No. 117408.

*Garvey, J.* This contract action in which the plaintiff alleged the defendants were in-

debted to him for rent and services, comes to us in a consolidated report requested by the plaintiff and the City of Worcester (City), the alleged trustee. Both claim to be aggrieved by orders and rulings made by the trial judge on plaintiff's motion to charge the trustee.

It was commenced by trustee writ, dated May 2, 1960, returnable to the Central District Court of Worcester, May 28, 1960. Permission to attach the wages of the male defendant (defendant) was duly granted. [1] The City, named as trustee, was duly served with process at 9:25 A.M. on Tuesday, May 3, 1960, and at 9:15 A.M. on Tuesday, May 10, 1960. Thereafter the defendant was duly served. The writ was entered on the return day, the defendant was defaulted, and the City answered "No Effects".

From the report it appears that the City's answers to interrogatories propounded by the plaintiff, under G. L. (Ter. Ed.) c. 246, §§12, 16, constituted the evidence on which the judge made his findings and rulings. The City's answers disclosed, that the male defendant was a permanent firefighter employed for more than six months by the City; his net weekly wage was $68.12; the work week was Sunday through Saturday; wages for work performed the preceeding week were payable generally on the following Thursday on pre-

[1] Such attachments are now limited to actions brought on judgments. G. L. (Ter. Ed.) c. 246, §32 (8) as amended by St. 1960, c. 235.

sentation of the pay roll; that no wages were due the defendant on the Tuesdays it was served, the pay roll not having been signed by the Fire Chief and the City Auditor as required. G. L. (Ter. Ed.) c. 41, §§41, 52.

It also appeared in these answers that at 11:30 A.M. on May 10th, the date of the second service, the City paid to the defendant a vacation advance in the amount of $226.11.

On the plaintiff's motion to charge the trustee on its answers the judge ruled "that $18.12 (the amount of the defendant's weekly wage in excess of the $50.00 exempt from attachment by the provisions of G. L. (Ter. Ed.) c. 246, §28) should have been" held by the City on the two Tuesdays it was served, "since they were absolutely due and owing and simply awaited the ministerial acts of signing (the payroll) by the Fire Chief and the auditor. . . ." He ordered the City charged as trustee in the amount of $36.24.

Claiming to be aggrieved by this order the City, although it filed no requests for rulings, requested a report. The correctness of this order presents the first issue for our determination.

The City's answers to interrogatories also disclosed that at 11:30 A.M. on May 10, 1960, (the second service on the City was made at 9:15 A.M.) the defendant "presented to the City Treasurer a Fire Department authorization entitled, 'Vacation Advance' " and was paid $226.11. (sic) On this issue the trial judge ruled "that $216.11 should not have

been held subject to trustee process under the conditions there existing because it was not absolutely due and owing without contingency nor was it payable at the time the writ was served." A request of the plaintiff, seeking a ruling that "The Trustee, (City) is chargeable in this case by virtue of its answers to interrogatories at least, in the amount of $226.11," (sic) was denied by the trial judge and a report, claimed by the plaintiff, presents the second issue.

■ Without deciding we treat the City's claim of report as being properly here. See Rule 27 of the Rules of District Courts and G. L. (Ter. Ed.) c. 231, §108. In some circumstances a request is not necessary. *Barton v. Cambridge,* 318 Mass. 420, 423-424.

The pertinent statutory provisions relating to trustee process provide:

> G. L. (Ter. Ed.) c. 246, §20 "The goods, effects or credits of the defendant intrusted to, or deposited in the hands or possession of, a person summoned as his trustee shall, except as hereinafter provided, be attached and held to respond to the final judgment, as if they had been attached upon an original writ of attachment".

> G. L. (Ter. Ed.) c. 246 §24. "Money . . . due to the defendant *absolutely and without any contingency* may be so attached *before it has become payable,* but the trustee shall not be compelled to pay or deliver it before the time appointed by the contract." (Emphasis supplied)

> G. L. (Ter. Ed.) c. 246, §32. "No person shall

be adjudged a trustee in the following cases . . . Fourth, by reason of money or any other thing due from him to the defendant, unless it is, at the time of service of the writ upon him, *due absolutely and without any contingency."* (Emphasis supplied.)

G. L. (Ter. Ed.) c. 246, §16. "The answer . . . of a trustee, on oath, shall be considered as true in determining how far he is chargeable; . . ."

■ The test to be applied to these two issues was stated in *Krogman v. Rice Brothers Co.,* 241 Mass. 295, 300 as follows:

"Money cannot be attached by trustee process unless when service is made on the trustee it is due absolutely and without any contingency except that of time. It is immaterial that there may eventually be something due from the trustee to the defendant or that it is probable that some amount may become payable. The trustee is chargeable only upon facts existing when the writ was served on it."

■ The defendant firefighter's weekly wage was earned on Saturday of each week. He had completed his work and could have maintained an action of contract against the City. *James v. Mayor of New Bedford,* 319 Mass. 74. *Rock v. Pittsfield,* 316 Mass. 348, 351. On the Tuesdays the City was served his wages for the preceeding week were owed to him. It was held in *Lowell v. Mass. Bonding & Ins. Co.,* 313 Mass. 257, 271,

"The approval of the payrolls by the superinten-

dent of streets under oath and the certificate of the auditor provided for in G. L. (Ter. Ed.) c. 41, s's 41, 52, were not conditions precedent to the obligation of the city to pay their wages."

In *Godfrey Coal Co. v. Gray,* 296 Mass. 323, it was held that the town of Milton was chargeable as trustee for the purchase price of goods sold and delivered by a defendant although at time of service no bill had been presented and approval of selectmen had not been obtained under G. L. (Ter. Ed.) c. 41, §52. See also *Lennox v. Medford,* 330 Mass. 593.

 Approval of the Fire Chief and the City Auditor, we hold, were ministerial acts and were not necessary before the defendant's wages were due "absolutely and without any contingency". On the first issue there was no error in the trial judge's order charging the City as trustee in the amount of $36.24.

Was the City, when served in May, chargeable, as the plaintiff asserts, with vacation pay not yet paid or approved for advance payment? We think not. There were contingent events preventing it from becoming absolutely due at the time of the services.

G. L. (Ter. Ed.) c. 41, §111A provides:
"In any city . . . which accepts this section . . . on April 1st in each year every member of its permanent fire force who has been such for at least six months shall become entitled to a vacation of not less than two weeks during such year, without loss

of pay. Such vacation shall be granted at such time or times as in the opinion of the board or officer in charge of such force will cause the least interference with the performance of the regular work of such force . . ."

G. L. (Ter. Ed.) c. 44, §65 provides:

"In any city which accepts this section . . . advances of *pay may* be made to any officer or employee thereof in advance of his regular vacation to the extent of the pay to which he is *about* to be entitled during such vacation period *under such regulations as the city treasurer . . . may prescribe."* (Emphasis supplied) [2]

In *Abbot Lumber & Building Supply Co., Inc. v. Cushing Cons. Co. Inc.,* 330 Mass. 182, it was held that a town was not chargeable as trustee under a building contract providing for payment to the contractor "only upon certificate approved by the architect" where, at the time of service the architect had not issued a certificate although he did a short time thereafter. At page 185 the court said: "Almost a hundred years ago it was established that 'Whether the trustees were chargeable or not depends upon the facts as they existed when the trustee process

---

[2] It was stipulated by the parties at argument that the City of Worcester had accepted both of these sections.

was served.' *Bennett v. Caswell,* 7 Gray, 153, 154."

Nothing in the report indicates that the "board or officer in charge" (§111A) had determined the defendant's vacation period. Neither does it state when he secured approval for advance payment. For aught that appears he could have secured it after 9:15 A.M. on May 10th.

■ "Subsequent events freeing the money held by the trustee . . . are not retroactive to the time of the service" . . . *Singarella v. Boston,* 330 Mass. 257.

■ The City was not required to advance vacation pay. §65 says it "may" do so "under such regulations as the city treasurer . . . may prescribe." The plaintiff has not shown the regulations, if any, or at the times it was served, the City was then obligated to pay the vacation pay or advance it. The burden was his. *Krogman v. Rice Brothers Co.,* 241 Mass. 295; *Cataldo v. Woodside,* 295 Mass. 586.

There was no error in the trial judge's ruling on this issue. The report is ordered, Dismissed.

Campbell, Rutledge & Campbell, for the Plaintiff.
S. H. Stanton, Asst. City Sol. for the Trustee.